ERNEST L. FLICK *et al.*, Plaintiffs-Appellees, v. JOHN D. KRAMER, Secretary of the Department of Transportation, Defendant-Appellant.

Second District   No. 2—86—0086

Opinion filed January 22, 1987.

Neil F. Hartigan, Attorney General, of Springfield, and James E. Dixon, of Dixon (Roma Jones Stewart, Solicitor General, of Chicago, and Roy E. Frazier, Assistant Attorney General, of Springfield, of counsel), for appellant.

James R. Murphy and J. Robert Murphy, both of Aurora, for appellees.

JUSTICE WOODWARD delivered the opinion of the court:

Plaintiffs, Ernest L. Flick, Martha Flick, and J. & L. Oil, Inc., filed a verified complaint for *mandamus* against defendant, the Secretary of the Department of Transportation (hereinafter DOT), in order to compel defendant to bring an eminent domain proceeding to acquire certain land, allegedly owned by the Flicks. The land was entered upon by the State in the course of a highway improvement project. Defendant appeals from the granting of plaintiffs' motion for summary judgment and the denial of its motion for reconsideration, contending that the trial court erred in not determining who owned the land before granting summary judgment.

Plaintiffs alleged in their complaint for *mandamus* that in the course of a project to improve Illinois Route 64 in Oregon, Illinois, contractors of the Division of Highways encroached upon the Flicks'

land some 33 feet and removed fixtures, buildings, concrete, and improvements which belong to the Flicks' lessee, plaintiff J. & L. Oil, Inc. The complaint gave descriptions of the land alleged to be owned in fee simple by the Flicks. Plaintiffs' deed to the land presents some ambiguities in the legal description of the property. Plaintiffs' deed describes their property "thence South *** 182-½ feet more or less, to the Southline of said Government Lot 2." However, while plaintiffs lay claim to the full 182½ feet set forth in the deed, it is actually only 150 feet to the southern boundary of government lot 2—32½ feet less than plaintiffs purport to own. For approximately the past 50 years, plaintiffs contend they have considered the full 182½ feet to be their property, fully occupying all of it and paying taxes on that amount of footage.

Plaintiffs filed a motion for summary judgment alleging that there was no issue as to the ownership of the land. Plaintiffs' motion was supported by the affidavits of Ernest L. Flick and his lessee, Gene L. Wright, and by other documents showing property boundaries. Defendant then filed an amended answer which denied the Flicks' claim of ownership of the land in dispute and asserted that the State owns that land up to the south boundary of government lot 2. Defendant filed a response in opposition to plaintiffs' motion for summary judgment, alleging that the Flicks do not own the disputed land referred to in the complaint, that in 1974 DOT filed a petition for condemnation of the land at issue, and that a final judgment was entered in that action. Defendant attached a 1971 survey which shows that part of the condemned land is that which is claimed by the Flicks.

The court found in its summary judgment order that there was no genuine issue as to any material fact because no issue as to the Flicks' ownership was raised by any counteraffidavit or verified pleading and that any such issue may be determined in an eminent domain proceeding. The court found that "although defendant's response to the motion for summary judgment exhibits an assertion of ownership in the Department for highway purposes, the Court finds that such assertion is not now material to the issues of the Complaint for Mandamus." The court ordered that an eminent domain proceeding be instituted.

Defendant filed a motion for reconsideration to which was attached an affidavit of an employee of the Bureau of Land Acquisition. Attached to the affidavit was a plat drawn by the employee of the land at issue and documents relied upon by the employee in his conclusion, *inter alia*, that a right-of-way was dedicated for the highway 79.9 feet or more from the highway's centerline, indicating a point

within the land claimed to be owned by the Flicks. Defendant also filed the affidavit of a civil engineer employed by DOT who had examined the final judgment order in the 1974 condemnation proceeding and had found that the land described in that order included the land in issue. Further, defendant filed the affidavit of an employee of the Bureau of Land Acquisition and a letter to Ernest Flick from the Bureau stating that the south line of government lot 2 and the north right-of-way line are the same, indicating that the right-of-way line extends into the land claimed to be owned by the Flicks.

Defendant appeals from the granting of plaintiffs' motion for summary judgment contending that *mandamus* may not issue unless there is a finding that the Flicks own the land sought to be condemned and additionally that the circuit court acted without jurisdiction alleging that this action properly should have been commenced in the Court of Claims.

The doctrine of sovereign immunity was abolished in the Illinois Constitution of 1970 "[e]xcept as the General Assembly may provide by law." (Ill. Const. 1970, art. XIII, sec. 4.) The legislature has acted to continue sovereign immunity as follows:

> "Except as provided in 'AN ACT to create the Court of Claims, to prescribe its powers and duties, and to repeal AN ACT herein named', filed July 17, 1945, as amended, the State of Illinois shall not be made a defendant or party in any court." (Ill. Rev. Stat. 1983, ch. 127, par. 801.)

The Court of Claims Act sets forth certain actions under its exclusive jurisdiction that can be maintained against the State. The Act reads, in pertinent part:

> "The court shall have exclusive jurisdiction to hear and determine the following matters:
>
> (a) All Claims against the state founded upon any law of the State of Illinois or upon any regulation thereunder ***." Ill. Rev. Stat. 1983, ch. 37, par. 439.8(a).

■■ ■ Although the Secretary of DOT is the named defendant in this *mandamus* action to compel eminent domain proceedings, whether the State is actually the party for purposes of the immunity statute is to be determined by the issues involved and the relief sought. (*Sass v. Kramer* (1978), 72 Ill. 2d 485; *Local 3236 of the Illinois Federation of State Office Educators, IFT-AFT, AFL-CIO v. Board of Education* (1984), 121 Ill. App. 3d 160.) However, even where the State is not a named party, an action may be considered a suit against the State if a determination would serve to control the action of the State or subject the State to liability. (*American Federa-*

*tion of State, County, & Municipal Employees, AFL-CIO v. Giordano* (1983), 114 Ill. App. 3d 142; *Hudgens v. Dean* (1977), 53 Ill. App. 3d 126, *aff'd* (1979), 75 Ill. 2d 353.) Plaintiffs here argue correctly that a suit to compel a State officer to perform a clear statutory duty falls outside of the Court of Claims Act as a suit against the officer, not the State. See, *e.g., City of Springfield v. Allphin* (1978), 74 Ill. 2d 117; *Brucato v. Edgar* (1984), 128 Ill. App. 3d 260; *Board of Education v. Cronin* (1979), 69 Ill. App. 3d 472.

In the present case, we find no clear statutory duty on the part of the Secretary of DOT to commence eminent domain proceedings. As previously mentioned, there is a patent ambiguity in plaintiffs' written deed describing the property. While the deed indicates a distance of 182½ feet "more or less," the metes-and-bounds description indicates the south boundary of government lot 2 is but 150 feet away. Under Illinois law, a quantity description in a deed, here "182-½ feet, more or less," is not deemed to be conclusive, but rather is considered the least reliable indicator of the actual grant. (*Brown v. Ray* (1924), 314 Ill. 570; *Texas Eastern Transmission Corp. v. Mc-Crate* (1979), 76 Ill. App. 3d 828.) Where other, more definite boundary descriptions are provided, here the physical metes-and-bounds dimensions, such descriptions will control as to the amount of land conveyed. (*Texas Eastern Transmission Corp. v. McCrate* (1979), 76 Ill. App. 3d 828; *Department of Public Works & Buildings v. Klinefelter* (1970), 119 Ill. App. 2d 50.) Because the original grantor of the deed is not a party to this action, the ordinary rules of construction and operation pertaining to the intention of the parties and extrinsic aids of interpretation are not helpful here.

Also, defendant contends that the supreme court's decision in *Gordon v. Department of Transportation* (1983), 99 Ill. 2d 44, controls this case and mandates reversal of the decision of the circuit court on the basis that the circuit court lacked jurisdiction to hear this matter. Defendant cites *Gordon* as authority for the proposition that the present controversy could properly have been brought only in the Court of Claims. However, *Gordon* is distinguishable from the present case for in *Gordon* the State had title to the property while plaintiff asserted no claim of ownership other than adverse possession. As such, it was incumbent upon the plaintiff to prove the necessary elements of adverse possession as against the existing title in the State.

Here, the State has no such undisputed, prior, clear title to this property. Further, the plaintiff Ernest L. Flick's claim of ownership, as reflected in his written deed, is seriously flawed by the ambiguity between its explicit terms and the physical metes and bounds of

the property. *Gordon,* then, does not compel that this suit be instituted in the Court of Claims because the instant case lacks a clear showing of present ownership in the State with a plaintiff asserting a claim of ownership for the first time. Here, in contradiction to the plaintiff in *Gordon,* plaintiff Ernest L. Flick contends that he has owned this property for decades and has produced a written document that he argues reflects his ownership of the property in question.

■ Plaintiffs' claim of ownership of this disputed 32½ feet of land as against the assertions of ownership of the State does not constitute a clear, unambiguous entitlement to property now occupied by the State. Further, no rights can be acquired in a *mandamus* proceeding, the purpose of such proceeding being only to enforce rights already lawfully vested. (*Kramer v. City of Chicago* (1978), 58 Ill. App. 3d 592; *People ex rel. Tucker v. Kotsos* (1976), 42 Ill. App. 3d 812, *aff'd in part and vacated in part* (1977), 68 Ill. 2d 88.) The right must be clear and present, independent of the *mandamus* action. *Thomas v. Village of Westchester* (1985), 132 Ill. App. 3d 190; *Shallou v. City of Northlake* (1979), 82 Ill. App. 3d 456.

Accordingly, absent an unambiguous statutory duty on the part of the defendant here by virtue of plaintiff Ernest L. Flick's failure to show definite ownership of this property, we must follow the general rule regarding *mandamus* actions and hold that such an action is premature.

●7 Eminent domain proceedings serve to compensate for the taking or damage for public use of private property. (Ill. Rev. Stat. 1985, ch. 110, par. 7—101.) Before a writ of *mandamus* can issue to compel the institution of eminent domain proceedings, the issue of the ownership of the property sought to be condemned must necessarily be decided. (*Gordon v. Department of Transportation* (1982), 109 Ill. App. 3d 1071; see *Shaw v. Lorenz* (1969), 42 Ill. 2d 246; *People ex rel. Haynes v. Rosenstone* (1959), 16 Ill. 2d 513.) One can compel the institution of eminent domain proceedings by the State only if one is clearly the owner of certain property and if one can prove damage to that property by the State. (*People ex rel. Haynes v. Rosenstone* (1959), 16 Ill. 2d 513.) The proper issue in an eminent domain proceeding is the determination of the amount of damages to be awarded. (*People ex rel. Haynes v. Rosenstone* (1959), 16 Ill. 2d 513.) It follows that ownership of land is not an issue to be determined in an eminent domain proceeding. Therefore, if a genuine issue as to the ownership of the land at issue existed, the trial court erred in granting summary judgment.

■■ ▋ Plaintiffs here filed a motion for summary judgment. The trial court, faced with a motion for summary judgment, must construe the pleadings and other documents strictly against the movant and in favor of the nonmoving party. (*La Salle National Bank v. Helry Corp.* (1985), 136 Ill. App. 3d 897; *Holbrook v. Peric* (1984), 129 Ill. App. 3d 996.) The evidence, when construed most strongly against the movant, must clearly establish his right to summary judgment. (*Rambert v. Advance Construction Co.* (1985), 134 Ill. App. 3d 155; *Fearon v. Mobil Joliet Refining Corp.* (1984), 131 Ill. App. 3d 1.) Given the patent ambiguity of plaintiff Ernest L. Flick's deed, previously discussed herein, plaintiff's affidavit in support of his motion for summary judgment, which included a description of the property in his deed, coupled with the counteraffidavit of defendant's civil engineer alleging ownership in the State through a previous condemnation proceeding, plaintiff is unable to establish a clear right to summary judgment. A factual issue as to ownership clearly exists.

Accordingly, the judgment of the circuit court of Ogle County is reversed, and this cause is remanded to determine the ownership of this disputed land and thereafter to enter such orders as are consistent with this opinion.

Reversed and remanded.

LINDBERG, P.J., and UNVERZAGT, J., concur.