JOHN DOE, a Minor, by his Mother and Natural Guardian, Jane Roe, Plaintiff-Appellee, v. JAN CARLSON, Clerk of the Circuit Court of Kane County, Defendant (Moose International, Inc., Defendant-Appellant).

Second District   No. 2—92—1250

Opinion filed September 7, 1993.

John C. Bartler, David T. Poulos, and Daniel E. O'Brien, all of McKenna, Storer, Rowe, White & Farrug, of Wheaton, for appellant.

James C. Byrne, of Joliet, for appellee.

Paul G. Krentz, of Murphy, Hupp, Foote, Mielke & Kinnally, of Aurora, guardian *ad litem*.

JUSTICE McLAREN delivered the opinion of the court:

On October 16, 1992, the circuit court of Kane County granted plaintiff's motion for summary judgment and ordered that a writ of *mandamus* be entered directing the Kane County circuit court clerk (hereinafter Kane County clerk) to permit plaintiff's attorney complete access to two separate case files (Nos. 88—L—0275 and 88—L—0276 consolidated) which had previously been impounded by an agreed order involving defendant, Moose International, Inc. On October 19, 1992, another order was entered which allowed plaintiff's attorney the right to photocopy the contents of these files.

On appeal, defendant asserts that (1) plaintiff did not present sufficient proof to support the writ of *mandamus*, (2) the writ of *mandamus* was not a proper vehicle to compel the opening of a previously impounded court file, and (3) the trial court erred in issuing the writ of *mandamus* in light of the earlier impoundment order. We affirm in part and vacate in part.

During 1988, five separate lawsuits were filed on behalf of five minor girls who were allegedly molested at a child-care facility, Moose

International, Inc. All five of these cases were consolidated for discovery, and the parties agreed to impound the files in order to protect the identity of the young girls. The cases were subsequently settled for an undisclosed amount. The language of the impoundment order issued by the circuit court of Kane County was as follows:

"Access to this file is restricted to the court, the parties, law enforcement officers and/or law enforcement agencies involved with the associated criminal proceedings which have been brought against Donald Doyle. *No other person shall have access to this file without a specific order of this court.*" (Emphasis added.)

In April 1992, plaintiff also filed a lawsuit against Moose International. Plaintiff's suit, filed in Will County, made similar allegations against Moose International and sought damages resulting from sexual abuse which occurred while he was a resident of the facility. Aware of the earlier Kane County cases against Moose International, plaintiff sought access to those impounded files in order to obtain evidence or facts that would support his allegations of Moose International's liability.

The Kane County clerk refused to allow plaintiff to view the files of the earlier cases because of the prior impoundment order. Accordingly, plaintiff made a motion, before the circuit court of Kane County, to view the impounded files. Plaintiff subsequently asked that a writ of *mandamus* be entered against the Kane County clerk, which would compel him to permit plaintiff to inspect the impounded files. Moose International filed an appearance and sought to prevent plaintiff from obtaining access to the impounded files on the grounds that (1) the agreed order resulting in the impoundment has the binding force of a contract and (2) the court's exercise of its authority to impound the files should not be overturned. The Kane County clerk, in opposition to plaintiff's requested relief, argued that the prior impoundment was proper and should be upheld to protect the valuable privacy interests of the parties involved.

The circuit court of Kane County ordered that the writ of *mandamus* issue and that plaintiff's attorney be allowed to inspect the files in question subject to the condition that the attorney agree to maintain the anonymity of the minors identified in those case files. In making its ruling, the trial court relied upon its inherent authority to control its own files. The court determined that, absent protective orders or other more explicit prohibitions, court records shall remain accessible to the public. Moose International has filed an appeal of the trial court's decision, but the Kane County clerk has not.

Defendant now argues that the trial court erred when it issued the writ of *mandamus* because such writs should only be used to enforce rights that have already vested and they should not be used as a tool to facilitate discovery. Defendant also argues that plaintiff is unable to establish a vested right in support of a writ of *mandamus* because there are insufficient facts to establish a connection between plaintiff's case and the earlier impounded cases and because plaintiff has failed to establish a sufficient governmental interest which would justify issuing the writ. In response, plaintiff asserts that courts have inherent powers to modify orders of impoundment and that the right to the issuance of a writ is premised upon the public's right to inspect and copy judicial documents as recognized at common law and by Illinois statutes. 705 ILCS 105/16(6) (West 1992).

▉ A writ of *mandamus* is a remedy at law to command a public official to perform some ministerial, nondiscretionary duty. (*People ex rel. Ryan v. Retirement Board of the Firemen's Annuity & Benefit Fund* (1985), 136 Ill. App. 3d 818.) A petitioner seeking a writ of *mandamus* must show a clear and unequivocal right to have the duty performed. (*Machinis v. Board of Election Commissioners* (1987), 164 Ill. App. 3d 763, 767.) A writ of *mandamus* is not proper where the right of a petitioner must first be established or the duty of the officer sought to be coerced must first be determined. (*Machinis*, 164 Ill. App. 3d at 767.) Thus, a complaint for writ of *mandamus* must set forth all the material facts necessary to demonstrate a clear right to the writ. (*Thomas v. Village of Westchester* (1985), 132 Ill. App. 3d 190, 196.) In sum, the only purpose of a *mandamus* proceeding is to enforce rights already lawfully vested. *Flick v. Kramer* (1987), 151 Ill. App. 3d 836, 841.

We will not reverse the issuance of a writ of *mandamus* unless the grant is against the manifest weight of the evidence. (*Central Transport, Inc. v. Village of Hillside* (1991), 210 Ill. App. 3d 499, 510.) In the present case, we determine that the trial court's grant of the writ of *mandamus* was against the manifest weight of the evidence because plaintiff did not have a vested right to view the impounded files in light of the language in the impoundment order.

▉ In general, court documents are public records and are, as a result, freely accessible. Specifically, the Clerks of Courts Act indicates, in relevant part:

"All records, dockets and books required by law to be kept by such clerks shall be deemed public records, and shall at all times be open to inspection without fee or reward, and all persons shall have free access for inspection and examination to

such records, docket and books, and also to all papers on file in the different clerks' offices and shall have the right to take memoranda and abstracts thereto." (705 ILCS 105/16(6) (West 1992).)

However, this statutorily prescribed access to public records is not absolute and is subject to the inherent power of the trial court to impound its own records. According to *Deere & Co. v. Finley* (1981), 103 Ill. App. 3d 774, 776, "[t]he existence of the statute permitting access to [court] records does not abrogate the trial court's inherent power to control its files and to impound any part of a file in a particular case." Thus, although there is a presumption favoring public access to judicial records, a court, in its sound discretion, may impound records if it is shown that the interests asserted for restricting access outweigh those in support of access. (*In re Marriage of Johnson* (1992), 232 Ill. App. 3d 1068, 1072-73.) In the present case, the trial court impounded the records in order to protect the names of child abuse victims from public disclosure, and our supreme court has held that such considerations can justify the court's imposition of limited public access to court documents. See *In re A Minor* (1992), 149 Ill. 2d 247.

■ The instant impoundment order imposed restricted access to the court files and required those seeking access to obtain an appropriate court order. Having encountered such an impoundment order, the Kane County clerk properly denied access to the documents of concern. In order to comply with the impoundment order, a specific order of the circuit court of Kane County should have been presented. Plaintiff never made such a presentation. Therefore, plaintiff did not have a clear unequivocal right to view the documents. In sum, without the presentation of an appropriate court order, accompanied by a wrongful rebuke of that presentation by the circuit court clerk, plaintiff's rights had not vested and the *mandamus* action was premature. See *Kramer v. City of Chicago* (1978), 58 Ill. App. 3d 592, 598.

By way of illustration, in *Deere*, the plaintiff brought a writ of *mandamus* action against the circuit court clerk in an effort to gain access to specified court files. The circuit court clerk had refused access to these files because some of the materials had been impounded, apparently in order to maintain the confidentiality of certain trade secrets. The trial court ruled that the impoundment orders were broad enough to prevent the plaintiff from gaining access to the entire court file and, thus, denied the writ of *mandamus*. However, the appellate court believed that the earlier impoundment order did not encompass the entire court file. Accordingly, the court determined that *manda-*

*mus* was proper for those parts of the file which had not been impounded. However, with respect to those documents which *were* specifically impounded, a writ of *mandamus* was not the proper course of action. (*Deere,* 103 Ill. App. 3d at 778.) In the present case, the files of concern were impounded in their *entirety,* and, as was true for the impounded portions of the court file in *Deere,* plaintiff had no right to view or inspect those materials absent a court order stating otherwise. Therefore, in the absence of a vested right to view the documents, the writ of *mandamus* was improperly sought and incorrectly granted.

As previously mentioned, plaintiff made a motion to view the impounded documents. This motion was not explicitly ruled upon. The motion to view could not have been the basis for the issuance of the writ of *mandamus* because a party cannot *acquire* rights in the context of a *mandamus* action. (*Flick,* 151 Ill. App. 3d at 841.) However, the trial court in making its findings of fact, determinations of law, and granting the relief requested cited legal bases other than *mandamus.* The court effectively granted the motion to view and the petition seeking *mandamus.* For the reasons stated above, we determine the portion of the judgment granting *mandamus* was improper, and we vacate that portion of the judgment.

The remaining portion of the judgment allowing the right to view with conditions and limitations was addressed by the parties at trial and in this court. We have reviewed the record to determine if the trial court abused its discretion in allowing petitioner to view the file. (*In re Marriage of Johnson* (1992), 232 Ill. App. 3d 1068, 1073.) We conclude there was no abuse of discretion and the portion of the judgment allowing the view is affirmed.

For the above reasons, we vacate that portion of the judgment granting the writ of *mandamus* and affirm that portion of the judgment affirming the viewing of the impounded file.

The judgment of the circuit court of Kane County is affirmed in part and vacated in part.

Affirmed in part; vacated in part.

BOWMAN and DOYLE, JJ., concur.