NOTICE

Decision filed 01/16/08. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NO. 5-06-0659

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| OUTCOM, INC., d/b/a Porlier Outdoor Advertising, | ) Appeal from the<br>) Circuit Court of<br>) St. Clair County. |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) No. 04-MR-279 |
| | ) |
| THE DEPARTMENT OF TRANSPORTATION, TIMOTHY MARTIN, Secretary of Transportation, MARY C. LAMIE, District Engineer–District 8, and JEFFREY L. KEIRN, District Operations Engineer–District 8, | ) ) ) ) ) ) |
| | ) Honorable<br>) Andrew J. Gleeson, |
| Defendants-Appellants. | ) Judge, presiding. |

_____

JUSTICE WELCH delivered the opinion of the court:

On July 26, 2004, Outcom, Inc., doing business as Porlier Outdoor Advertising (Outcom), submitted two applications to the Illinois Department of Transportation (the Department) for outdoor-advertising permits to erect two business-area signs along Interstate 64 in the Village of Caseyville (the Village). The proposed site had been annexed into the Village on February 5, 2003, and was zoned industrial. Prior to that time, the property had been in an unincorporated area and had been unzoned. A commercial radio tower and attendant structure had been continuously located upon the site since prior to September 21, 1959.

The Department denied the applications for the reason that prior to the site's annexation into the Village, the use of the site had been agricultural, notwithstanding the presence of the commercial radio tower and attendant structure, and signs are not allowed

1

on land which has not been continuously used for "business, commercial, or industrial" purposes. The Department ruled that the presence of the radio tower and attendant structure did not constitute a use of the land for "business, commercial, or industrial" purposes.

On November 4, 2004, Outcom filed in the circuit court of St. Clair County a complaint sounding in two counts. Outcom sought a declaratory judgment that the radio tower and attendant structure is a private business, commercial, or industrial activity, that the land had been used for that purpose since prior to September 21, 1959, and that the Department's denial of Outcom's applications had been improper (count I). It further sought an order of *mandamus* directing the Department to issue permits to Outcom for the construction of outdoor advertising signs on the site (count II).

The parties agreed that there were no disputed issues of material fact and that the issues could be decided on the parties' cross-motions for a summary judgment. On November 8, 2006, the circuit court of St. Clair County entered its judgment, finding that the radio tower and attendant structure is a private business, commercial, or industrial activity, that the site proposed for the signs had been continuously operated for that purpose since prior to September 21, 1959, and that Outcom had fully complied with the application requirements for the sign permits and had a clear right to the relief requested in the complaint. The court ordered the Department to issue the permits without further delay. The Department appeals.

Before we address the merits, we must address Outcom's motion to strike portions of the Department's brief and the Department's response thereto. In its brief, the Department has referred to a document identified as a portion of the zoning code of the Village of Caseyville, and the document is included in the brief's appendix. This document is not included in the record on appeal and was never brought to the attention of the circuit court. Accordingly, Outcom asks that it be stricken from the Department's brief.

2

Generally, materials that were not before the circuit court may not be placed before the appellate court by way of an appendix to a brief. *Hubeny v. Chairse*, 305 Ill. App. 3d 1038, 1042 (1999). Nevertheless, the Department asks in its brief that this court take judicial notice of the zoning code. The Department is correct that judicial notice may be taken of municipal ordinances. *Szczurek v. City of Park Ridge*, 97 Ill. App. 3d 649, 658 (1981); 735 ILCS 5/8-1002 (West 2004). Accordingly, we deny Outcom's motion to strike the Department's references to the Village of Caseyville zoning code.

Outcom also asks us to strike from the Department's brief a reference to a Web site that, it argues, was not brought to the attention of the circuit court. The Department argues that reference to the Web site is contained in the record on appeal, in the Department's letter to Outcom denying the permits. This letter was attached as an exhibit to Outcom's complaint. We note, however, that the Department did not refer to the Web site or cite to it in support of its motion for a summary judgment. Nevertheless, we deny Outcom's motion to strike the Department's reference to the Web site.

The issuance of permits for outdoor advertising signs is governed by the Highway Advertising Control Act of 1971 (the Act) (225 ILCS 440/1 *et seq.* (West 2004)), which provides in pertinent part that signs may be erected along interstate highways only in a "business area." 225 ILCS 440/4.04 (West 2004). The Act provides in pertinent part as follows: "[A]s to signs along Interstate highways, the term 'business area' includes only areas *** where the land use, as of September 21, 1959, was established by State law as industrial or commercial[] or both." 225 ILCS 440/3.12 (West 2004). The Department's regulations further explain as follows:

"Areas which were unzoned on September 21, 1959[,] may qualify as business areas along Interstate highways if the applicant can show, based on contemporaneous historical records of State actions ***[,] that the land on September 21, 1959[,] was

3

and has continuously been used as business, commercial[,] or industrial." 92 Ill. Adm. Code §522.20, amended at 30 Ill. Reg. 15792 (eff. October 1, 2006). Finally, the Act defines commercial or industrial activities as follows:

" 'Commercial or industrial activities' means those activities *** generally recognized as commercial or industrial by zoning authorities in this State[] but does not include the following:

(a) Agricultural, forestry, ranging, grazing[,] and farming activities, including wayside fresh produce stands and grain storage bins;

(b) Railroad tracks and minor sidings;

(c) Transient or temporary activities not involving permanent buildings or structures;

(d) Outdoor advertising structures;

(e) Activities not visible from a main-traveled way;

(f) Activities conducted in a building principally used as a residence." 225 ILCS 440/3.10 (West 2004).

Accordingly, for signs located along an interstate highway within an area that was unincorporated and unzoned on September 21, 1959, a "business area" includes only those areas that have been continuously used for "business, commercial[,] or industrial" purposes from that date through the present. 92 Ill. Adm. Code §522.20, amended at 30 Ill. Reg. 15792 (eff. October 1, 2006). Land used for agricultural or farming activities expressly does not qualify as being used for those purposes. 225 ILCS 440/3.10(a) (West 2004).

It is undisputed that the site in question was unzoned and unincorporated on September 21, 1959, and that a commercial radio tower and attendant structure had been located on the site since sometime prior to that date. It is also undisputed that the radio tower is for the use of a commercial radio station, the attendant structure is a steel trailer

4

permanently moored to the ground with "WEW 77 RADIO" printed in large letters on its side, and the facility is serviced by utilities, regularly visited by maintenance personnel, operated by remote control from St. Louis, and vital, not incidental, to the radio station operations. The parties dispute only whether the radio tower and attendant structure is a "business, commercial, or industrial" use of the land or whether the land is actually used for agricultural or farming activities. This was a question of law that was appropriate for a summary judgment. We apply a *de novo* standard of review to a circuit court's decision granting a summary judgment. See *Samour, Inc. v. Board of Election Commissioners of the City of Chicago*, 224 Ill. 2d 530, 542 (2007).

The Department initially argues that a declaratory judgment action is not proper to review the Department's administrative decision denying the permit applications. Relying on *Alicea v. Snyder*, 321 Ill. App. 3d 248, 253 (2001), the Department argues that a common law writ of *certiorari* is the appropriate method for obtaining circuit court review of administrative actions when the act conferring power on the agency does not expressly adopt the Administrative Review Law (735 ILCS 5/3-101 *et seq.* (West 2004)) and provides for no other form of review. We note that the Department made no such argument in the circuit court and failed to object to the form of remedy chosen by Outcom. The Department raises this issue for the first time on appeal. Accordingly, the issue is waived. See *Byron Material, Inc. v. Ashelford*, 34 Ill. App. 3d 301, 306 (1975); *Transport Insurance Co. v. Old Republic Insurance Co.*, 6 Ill. App. 3d 844, 847 (1972); *Bituminous Casualty Corp. v. Wilson*, 119 Ill. App. 3d 454, 459 (1983).

The Department next argues that the circuit court erred in finding that the use of the subject property had historically been for "business, commercial, or industrial" purposes. The Department argues that the use of the land had historically been agricultural and that the presence of the radio tower and attendant structure without a radio station or any other

5

activity associated therewith did not alter the use of the land from agricultural to business.

Our resolution of the issue depends on our construction of the statutory provisions. Our overriding obligation in interpreting and applying statutory or regulatory provisions is to give effect to the legislative intent by first construing the plain meaning of the statutory language. *Mason v. Department of Public Health*, 326 Ill. App. 3d 616, 623 (2001). Where the statutory or regulatory provisions are clear and unambiguous, a court must give that plain language effect as written, without reading into it exceptions, limitations, or conditions that the legislature did not express. *Mason*, 326 Ill. App. 3d at 623.

In order to be entitled to the outdoor-advertising permits, Outcom must show that the land on which it seeks to place the signs was unzoned on September 21, 1959, but that on that date and continuously thereafter it has been *used* for business, commercial, or industrial *activities*. 92 Ill. Adm. Code §522.20, amended at 30 Ill. Reg. 15792 (eff. October 1, 2006). The Act defines "[c]ommercial or industrial *activities*" (emphasis added), with certain exceptions not applicable for our purposes here, as those generally so recognized by zoning authorities in this state. 225 ILCS 440/3.10 (West 2004). We note that, pursuant to the plain and ordinary meaning of the language of the Act and regulations, it is the *activity* or *use* to which the land is put that is relevant, not its actual zoning. There is no dispute that the *activity* on the land in question, and the *use* to which it was put, was a radio transmitting tower and transmitter building. The only *activity* taking place on the subject land since prior to September 21, 1959, has been radio broadcasting; it has not been used for agricultural purposes or activities. Thus, the only question is whether that *activity* or *use* as a radio tower was for business, commercial, or industrial purposes. Like the circuit court, we find that it was.

We find nothing in the plain language of the Act or the regulations which indicates that a commercial radio tower and transmitter is not business, commercial, or industrial

6

activity. We note that the section of the Act which defines "[c]ommercial or industrial activities," while describing numerous activities which are excluded from the definition, does not exclude radio broadcasting towers or any similar activity. 225 ILCS 440/3.10 (West 2004). Radio broadcasting towers, as well as cell phone towers, are familiar sights along our interstate highways, yet the legislature has not excluded them from the definition of "[c]ommercial or industrial activities" contained in the Act. Nor is a radio tower similar to any of the other excluded activities or uses contained in the definition of commercial or industrial activities. The land in question is being used for a business, commercial, or industrial purpose–the operation of a commercial radio station.

In support of its motion for a summary judgment, the Department submitted the "Standard Land Use Coding Manual" prepared by the United States Department of Commerce. Its introduction states that the manual was prepared to assist in both urban development planning and transportation planning programs. Radio towers are categorized by this manual as falling into the following categories and subcategories: transportation, communication, and utilities/communication/radio communication/radio transmitting stations and towers. We have examined the manual in some detail and find that it is not helpful in determining whether the use of the land in question was for commercial or industrial purposes. The manual simply does not classify activities or land uses into categories such as business, commercial, or industrial. For the same reason, we do not find helpful the Web site to which the Department directs our attention. Nor do we find conclusive the zoning code of the Village of Caseyville, under which radio towers are permitted uses only in districts zoned agricultural.

We find, based on the plain language of the Act and regulations, that the operation of a commercial radio tower and transmitter building is a business, commercial, or industrial use of property within the meaning of the Act. We affirm the circuit court's declaratory

7

judgment to this effect.

The Department also argues that the circuit court erred in granting *mandamus* relief because Outcom did not demonstrate that it had a clear right to the requested relief–an order directing the Department to issue the permits–and because the issuance of the permits is a discretionary act rather than a ministerial act. " '*Mandamus* is an extraordinary remedy to enforce, as a matter of right, "the performance of official duties by a public officer where no exercise of discretion on his part is [required]." ' [Citations.]" *Lee v. Findley*, 359 Ill. App. 3d 1130, 1133 (2005). "A trial court will grant a writ of *mandamus* 'only if a plaintiff establishes a clear, affirmative right to relief, a clear duty of the public official to act, and a clear authority in the public official to comply with the writ [of *mandamus*].' [Citation.]" *Lee*, 359 Ill. App. 3d at 1133. The writ is only available to command a ministerial, nondiscretionary duty. *Doe v. Carlson*, 250 Ill. App. 3d 570, 573 (1993). It will not lie to command an act involving the exercise of judgment or discretion. *Daley v. Hett*, 113 Ill. 2d 75, 80 (1986). The only purpose of a *mandamus* proceeding is to enforce rights already vested. *Doe*, 250 Ill. App. 3d at 573. "*Mandamus* is a proper remedy for a party allegedly aggrieved by the wrongful refusal of an official to grant him a permit." *Drury Displays, Inc. v. Brown*, 306 Ill. App. 3d 1160, 1165 (1999). We will reverse the issuance of a writ of *mandamus* only if the grant is against the manifest weight of the evidence. *Doe*, 250 Ill. App. 3d at 573.

The Department first argues that Outcom failed to show it had a clear right to the permits because it failed to show that the subject property had been continuously used for business, commercial, or industrial purposes for the requisite period of time. We have already addressed this issue and found in favor of Outcom.

The Department next argues that its decision whether to grant the permit was not a ministerial act but was one involving the exercise of discretion. The Department argues that

8

because *mandamus* may not be used to direct an official to exercise his discretion in a particular manner, *mandamus* was not available to Outcom in this case.

We find no discretion vested in the Department to deny a fully compliant permit application. Upon the receipt of a proper and complete application, which complies with the Act and regulations, the Department *shall* issue the permit. 92 Ill. Adm. Code §522.70 (1996). Outcom submitted just such an application. The circuit court did not err in entering a judgment directing the Department to issue to Outcom the outdoor-advertising permits.

For the foregoing reasons, the judgment of the circuit court of St. Clair County is hereby affirmed.

Motion to strike denied; judgment affirmed.

STEWART, P.J., and SPOMER, J., concur.

9

NO. 5-06-0659

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | |
|---|---|
| OUTCOM, INC., d/b/a Porlier Outdoor Advertising, | ) Appeal from the<br>) Circuit Court of<br>) St. Clair County. |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) No. 04-MR-279 |
| | ) |
| THE DEPARTMENT OF TRANSPORTATION, TIMOTHY MARTIN, Secretary of Transportation, MARY C. LAMIE, District Engineer–District 8, and JEFFREY L. KEIRN, District Operations Engineer–District 8, | )<br>)<br>)<br>)<br>)<br>)<br>) Honorable |
| | ) Andrew J. Gleeson, |
| Defendants-Appellants. | ) Judge, presiding. |

**Opinion Filed**: January 16, 2008

**Justices**: Honorable Thomas M. Welch, J.

Honorable Bruce D. Stewart, P.J., and
Honorable Stephen L. Spomer, J.,
Concur

**Attorneys for Appellants** — Lisa Madigan, Attorney General, State of Illinois, Gary Feinerman, Solicitor General, Janon E. Fabiano, Assistant Attorney General, 100 West Randolph Street, 12th Floor, Chicago, IL 60601

**Attorney for Appellee** — Jill R. Rembusch, Summers, Compton, Wells & Hamburg, P.C., 8909 Ladue Road, St. Louis, MO 63124