NOTICE
This Order was filed under
Supreme Court Rule 23 and
is not precedent except in the
limited circumstances al-
lowed under Rule 23(e)(1).

2021 IL App (4th) 200641-U

NO. 4-20-0641

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
December 28, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| PATTY L. RUBLE d/b/a COURTYARD CAFE & BAKERY; G V PIZZA, INC.; SWARTZ & SWARTZ, INC.; PAMELA UTTERBACK d/b/a BAINBRIDGE STREET CAFÉ; STAGECOACH INN, LLC; TEDDYS, LLC; COSMIC ENTERTAINMENT COMPLEX, LLC; MALISHA CROWDER d/b/a ATLAS CAFÉ; WAYNE PUCKETT and KAREN PUCKETT d/b/a SUBWAY; J2 BEVERAGES, LLC; NUCCI'S PASTA HOUSE, INC.; ED & WOODIE'S—S & S, INC.; LINDSAYS' TOO, INC.; LINDSAY'S TAVERN, INC.; and WE-B SALOON, INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Appeal from the Circuit Court of Pike County No. 20MR75 |
| Plaintiffs-Appellants, | ) | |
| v. | ) | |
| ALICIA TATE-NADEAU, in Her Official Capacity as Acting Director of the Illinois Emergency Management Agency and JAY ROBERT PRITZKER a/k/a JB PRITZKER, in His Official Capacity as Governor of the State of Illinois, | ) ) ) ) ) ) ) | Honorable Alan D. Tucker, |
| Defendants-Appellees. | ) | Judge Presiding. |

JUSTICE STEIGMANN delivered the judgment of the court.
Presiding Justice Knecht and Justice DeArmond concurred in the judgment.

**ORDER**

¶ 1   *Held:*   The appellate court affirmed the trial court's judgment dismissing plaintiffs' petition for a writ of *mandamus* because plaintiffs failed to allege facts establishing that they were entitled to the relief sought.

¶ 2       Plaintiffs are a group of 15 various restaurants and taverns (or their owners or

operators) located in Pike County, Illinois. In September 2020, plaintiffs filed an amended petition

for a writ of *mandamus*, naming Governor J.B. Pritzker and Acting Director of the Illinois Emergency Management Agency (IEMA), Alicia Tate-Nadeau (Director), as defendants. The petition alleged that, beginning in March 2020, to mitigate the spread of COVID-19, the Governor issued a series of executive orders under the authority conferred upon him by section 7(4) of the Illinois Emergency Management Act (Act) (20 ILCS 3305/1 *et seq.* (West 2018)). These orders prohibited "the operation of all tavern businesses and dine-in restaurant businesses" statewide.

¶ 3        According to plaintiffs, the Governor's actions constituted a taking of their personal property interests in their businesses, which required the payment of "just compensation" under the Act. Because the Governor had taken no steps to (1) determine the amount owed or (2) pay plaintiffs "just compensation," plaintiffs sought an order commanding the Director to comply with section 7(4)(b) of the Act, which requires the Director to file a petition in circuit court requesting that the amount of "just compensation" be fixed and paid.

¶ 4        In October 2020, defendants filed a motion to dismiss the petition pursuant to section 2-615 of the Code of Civil Procedure (Civil Code) (735 ILCS 5/2-615 (West 2020)), arguing that the petition was "substantially insufficient in law" in that it "[did] not establish a clear right to mandamus because it [did] not clearly establish a taking."

¶ 5        In December 2020, the trial court granted defendants' motion and dismissed plaintiffs' petition with prejudice because it "failed to establish a taking entitling Plaintiffs to just compensation." Having failed to establish a taking, plaintiffs failed to state a claim upon which *mandamus* relief could be granted.

¶ 6        Plaintiffs appeal, arguing the trial court erred by dismissing their petition pursuant to section 2-615 because it alleged sufficient facts to state a cause of action for *mandamus*.

¶ 7        We disagree and affirm.

¶ 8                                    I. BACKGROUND

¶ 9                                    A. The Petition

¶ 10        Plaintiffs are a group of 15 various restaurants and taverns (or their owners or operators) in Pike County, Illinois. In May 2020, plaintiffs filed a petition for a writ of *mandamus* against the Governor and the Director. The petition alleged the following. On March 9, 2020, in response to the spread of COVID-19 in Illinois, the Governor declared a "public health emergency" and issued a statewide disaster proclamation. Proclamation No. 2020-38, 44 Ill. Reg. 4744 (Mar. 9, 2020). This disaster declaration conferred upon the Governor 14 emergency powers, enumerated in section 7 of the Act. 20 ILCS 3305/7 (West 2018). Pursuant to this authority, on March 20, 2020, the Governor issued an executive order (EO 2020-10), which prohibited plaintiffs from operating "all tavern businesses and all dine-in restaurant businesses." Exec. Order No. 2020-10, 44 Ill. Reg. 5857 (Mar. 20, 2020). The Governor issued subsequent declarations and executive orders that extended the duration of the March 20, 2020, order until May 29, 2020. Plaintiffs alleged that, through these orders, "the Governor [had] taken possession (by forbidding its use) of a full interest or a lesser specified interest [*sic*] in Plaintiffs' personal property pursuant to [section 7(4)] of the Act[.]"

¶ 11        Plaintiffs further alleged that (1) section 7(4) of the Act grants the Governor the authority to perform such a taking "only upon the undertaking of the State to pay just compensation therefor" and (2) the Governor had taken no steps to compensate plaintiffs.

¶ 12        Last, plaintiffs alleged that section 7(4)(b) directs that, where just compensation is not "determined and paid," "a petition in the name of The People of the State of Illinois shall be promptly filed by the Director, which filing may be enforced by *mandamus*, in the circuit court of the county where the property *** was located and initially taken[.]"

- 3 -

¶ 13         Plaintiffs requested the trial court to (1) find that the Governor acted under section 7(4) of the Act to take an interest in personal property away from plaintiffs and had not taken any action to compensate them and (2) issue of a writ of *mandamus* ordering the Director, pursuant to section 7(4)(b) of the Act, to file a petition in the circuit court "praying that the amount of compensation to be paid to Plaintiffs be fixed and determined."

¶ 14                               B. The Motion To Dismiss

¶ 15         In June 2020, defendants filed a motion to dismiss the petition pursuant to section 2-615 of the Civil Code. 735 ILCS 5/2-615 (West 2018). Defendants argued that plaintiffs' petition failed "at the outset" because it did not establish a taking of property for which the plaintiffs had a right of just compensation. Defendants contended that *mandamus* is improper where the claimed right is not established. See *Doe v. Carlson*, 250 Ill. App. 3d 570, 573, 619 N.E.2d 906, 908 (1993).

¶ 16         In response, plaintiffs argued that their pleading was legally sufficient to establish that (1) the Governor took action under the Act that "directly impacted their property" and (2) neither the Governor nor the Director acted pursuant to the statutory framework to provide the required compensation.

¶ 17                            C. The Trial Court's Ruling

¶ 18         In August 2020, the trial court granted defendants' motion to dismiss without prejudice and gave plaintiffs leave to replead. In its ruling, the court expressed concern that the allegations in the initial petition were "vague and conclusory" regarding the value of the claimed losses and the nature of the taking.

¶ 19         In response, plaintiffs, in September 2020 amended their petition to attach a group exhibit enumerating, for each plaintiff, the number of various restaurant-related items (utensils, dinnerware, tables, chairs, etc.), the number of employees, monthly revenues from 2019, and the

number and cost of cancelled contracts. In October 2020, defendants moved to dismiss the amended petition on the same grounds as before.

¶ 20        In December 2020, the trial court entered a written order granting defendants' motion to dismiss with prejudice. The court found that "the petition [was] substantially insufficient at law for failure to state a claim upon which relief may be granted in that plaintiffs [had] failed to establish a taking entitling [them] to just compensation." The court further found that, "should a taking be established, that claim is defeated by the State's police power and the public necessity doctrine."

¶ 21        This appeal followed.

¶ 22                                II. ANALYSIS

¶ 23        Plaintiffs appeal, arguing the trial court erred by dismissing their petition pursuant to section 2-615 because it alleged sufficient facts to state a cause of action for *mandamus*.

¶ 24        We disagree and affirm.

¶ 25                        A. The Applicable Law

¶ 26        As an initial matter, plaintiffs repeatedly emphasize that they do not challenge the Governor's authority under the Act to issue the executive orders he did, nor do they raise any claims regarding the Governor's constitutional authority, police powers, or public necessity regulatory powers. Instead, plaintiffs explain that they "are simply addressing the Governor's actions and inactions and their impact on [p]laintiffs' property *solely and exclusively within the context of the [Act]*." (Emphasis added.) Accordingly, our review is limited to the application of the Act to the facts alleged in the petition and does not include consideration of any other statutory or constitutional provision.

¶ 27                        1. *Section 2-615 Motions To Dismiss*

¶ 28 Defendants obtained dismissal of plaintiffs' petition under section 2-615 of the Civil Code. 735 ILCS 5/2-615 (West 2020). "A motion to dismiss under section 2-615 challenges the legal sufficiency of a complaint." *Cochran v. Securitas Security Services USA, Inc.*, 2017 IL 121200, ¶ 11, 93 N.E.3d 493. "In ruling on such a motion, a court must accept as true all well-pleaded facts in the complaint, as well as any reasonable inferences that may arise from them." *Id.* However, a court cannot accept as true mere conclusions unsupported by specific facts. *In re Estate of Powell*, 2014 IL 115997, ¶ 12, 12 N.E.3d 14. A cause of action should be dismissed under section 2-615 only if "it is clearly apparent from the pleadings that no set of facts can be proven that would entitle the plaintiff to recover." *Cochran*, 2017 IL 121200, ¶ 11. This court reviews *de novo* an order granting a section 2-615 motion to dismiss. *Id.*

¶ 29 *2. Elements of a Mandamus Action*

¶ 30 "*Mandamus* is an extraordinary remedy used to compel a public officer to perform nondiscretionary official duties." *McFatridge v. Madigan*, 2013 IL 113676, ¶ 17, 989 N.E.2d 165. To obtain a *mandamus* remedy, the plaintiff must establish (1) a clear right to the requested relief, (2) a clear duty of the public officer to act, and (3) clear authority of the public officer to comply with the order. *Id.*

¶ 31 *3. The Illinois Emergency Management Act*

¶ 32 One purpose of the Illinois Emergency Management Act is to confer certain powers upon the Governor, in the event of a disaster, in order "[to] preserve the lives and property of the people of this State and protect the public peace, health, and safety[.]" 20 ILCS 3305/2(a) (West 2020). "[P]ublic health emergencies" are included within the definition of a "disaster." *Id.* § 4. Upon the declaration of a disaster, for a period of 30 days, the Governor shall have the 14 emergency powers enumerated in section 7 of the Act. *Id.* § 7. Central to this appeal is section

7(4), which authorizes the Governor to do the following:

"take possession of, and to acquire full title or a lesser specified interest in, any personal property as may be necessary to accomplish the objectives set forth in Section 2 of this Act, including: airplanes, automobiles, trucks, trailers, buses, and other vehicles; coal, oils, gasoline, and other fuels and means of propulsion; explosives, materials, equipment, and supplies; animals and livestock; feed and seed; food and provisions for humans and animals; clothing and bedding; and medicines and medical and surgical supplies; and to take possession of and for a limited period occupy and use any real estate necessary to accomplish those objectives; but only upon the undertaking by the State to pay just compensation therefor as in this Act provided, and then only under the following provisions:

a. The Governor *** may forthwith take possession of property for and on behalf of the State; provided, however, that the Governor *** shall simultaneously with the taking, deliver to the owner *** a signed statement in writing, that shall include the name and address of the owner, the date and place of the taking, description of the property sufficient to identify it, a statement of interest in the property that is being so taken, and, if possible, a statement in writing, signed by the owner, setting forth the sum that he or she is willing to accept as just compensation for the property or use. ***

b. When the compensation to be paid for the taking or use of property or interest therein is not or cannot be determined and paid under item [(a)] of this paragraph (4), a petition in the name of The People of the State of Illinois shall be promptly filed by the Director [of IEMA], which filing may be enforced by

- 7 -

mandamus, in the circuit court of the county where the property or any part thereof was located when initially taken or used under the provisions of this Act praying that the amount of compensation to be paid to the person or persons interested therein be fixed and determined. The petition shall include a description of the property that has been taken, shall state the physical condition of the property when taken, shall name as defendants all interested parties, shall set forth the sum of money estimated to be just compensation for the property or interest therein taken or used, and shall be signed by the Director. The litigation shall be handled by the Attorney General for and on behalf of the State." *Id.* § 7(4).

¶ 33        4. *Statutory Construction and the Standard of Review*

¶ 34        Whether plaintiffs sufficiently alleged a taking within the meaning of section 7 of the Act presents a question of statutory construction.

¶ 35        "The fundamental rule of statutory construction is to ascertain and give effect to the legislature's intent." (Internal quotation marks omitted.) *People v. McChriston*, 2014 IL 115310, ¶ 15, 4 N.E.3d 29. "The best way to determine the legislature's intent is to give the statutory language its plain and ordinary meaning." *People v. Rowell*, 2020 IL App (4th) 190231, ¶ 16, 165 N.E.3d 477 (citing *People v. Witherspoon*, 2019 IL 123092, ¶ 21, 129 N.E.3d 1208). "Where statutory language is clear and unambiguous, courts should apply the statute as written." *Id.* (citing *People v. Eppinger*, 2013 IL 114121, ¶ 21, 984 N.E.2d 475). "We may not depart from the plain language of a statute by reading into it exceptions, limitations, or conditions that the legislature did not express." (Internal quotation marks omitted.) *Witherspoon*, 2019 IL 123092, ¶ 24.

¶ 36        This court reviews issues of statutory construction *de novo*. *Oswald v. Hamer*, 2018 IL 122203, ¶ 9, 115 N.E.3d 181.

¶ 37                                    B. This Case

¶ 38            Plaintiffs argue the trial court erred by dismissing their petition for *mandamus* pursuant to section 2-615 because the petition alleged sufficient facts to state a cause of action. Specifically, the petition alleged that (1) "the Governor's actions were exercised exclusively and solely and through the [Act]," (2) "section 7 of the [Act] provides a statutory framework for takings and compensation," (3) "the Governor's actions constituted a taking pursuant to Section 7, paragraph 4 of the [Act]," (4) "the Governor did not take any action pursuant to Section 7, paragraph 4(a) of the [Act] regarding compensating Plaintiffs," (5) "[where] no action is taken under Section 7, paragraph 4(a), paragraph 4(b) provides that the Director shall file suit to determine compensation," and (6) "if the Director does not act pursuant to Section 7, paragraph 4(b), the Director's action can be enforced through *mandamus*."

¶ 39            Defendants respond that the trial court correctly dismissed the petition pursuant to section 2-615 because plaintiffs "failed to allege that the Governor took possession and acquired any interest in their property under the plain language of section 7(4)."

¶ 40            We agree with defendants that "a straightforward application of the plain terms of section 7 of the Act requires dismissal of plaintiffs' action."

¶ 41            Section 7(4), by its plain language, authorizes the Governor to "take *possession* of" or "acquire full title" (or some lesser specified interest in) personal property, or to "take *possession* of," occupy, or use real property, in to accomplish the objectives of the Act. (Emphases added.) 20 ILCS 3305/7(4) (West 2020). When the Governor has taken *possession* of personal or real property, the Act requires the payment of "just compensation." *Id.* This language contemplates the physical acquisition of property by the Governor for use in ameliorating a statewide disaster.

¶ 42            Here, plaintiffs do not allege that the Governor took physical possession of,

acquired title to, or even used their personal property. Instead, plaintiffs merely allege that he forbade them from using their personal property. Although they allege that he acquired a "specified interest" in their property by forbidding its use, they do not state what that interest was. Nor can they, because forbidding others' use of their personal property is not the same as acquiring it for one's own use. Instead, forbidding the use of personal property is regulating others' use of property, which is governed by other provisions of section 7.

¶ 43       For example, section 7(9) grants the Governor the power to "suspend or limit the sale, dispensing, or transportation of alcoholic beverages." *Id.* § 7(9). Section 7(12) grants the Governor the power to "[c]ontrol, restrict, and *regulate* by rationing, freezing, use of quotas, *prohibitions* on shipments, price fixing, allocation or other means, the use, sale or distribution of food *** and other commodities, materials, goods or services[.]" (Emphases added.) *Id.* § 7(12). These sections, which appear to pertain directly to the actions the Governor took regulating plaintiffs' operation of their restaurant and tavern businesses, do *not* require the payment of "just compensation." Section 7(4) is the only emergency power that contains such a requirement.

¶ 44       "A fundamental principle of statutory construction is to view all provisions of a statutory enactment as a whole." *Southern Illinoisian v. Illinois Department of Public Health*, 218 Ill. 2d 390, 415, 844 N.E.2d 1, 14 (2006). "Accordingly, words and phrases should not be construed in isolation, but must be interpreted in light of other relevant provisions of the statute." *Id.* "Generally, specific statutory provisions control over general provisions on the same subject." *Williams v. Illinois State Scholarship Comm'n*, 139 Ill. 2d 24, 57, 563 N.E.2d 465, 480 (1990). The existence of specific statutory provisions governing the suspension, limitation, restriction, or rationing of food and alcohol in sections 7(9) and 7(12) supports our conclusion that section 7(4) applies to the physical taking or acquisition of property, and not to the regulation of use of personal

property, such as occurred here.

¶ 45    We also note that section 7(4) includes a non-exhaustive list of property of which the Governor may take possession. This list includes tangible items such as airplanes, trucks, livestock, and medicines. Defendants correctly note that this list does not include any intangible interests. "Where a statute lists the things to which it refers, there is an inference that all omissions should be understood as exclusions." (Internal quotation marks omitted.) *People v. O'Connell*, 227 Ill. 2d 31, 37, 879 N.E.2d 315, 319 (2007). The application of this rule of statutory construction supports our conclusion that section 7(4) contemplates the physical taking of physical property, and not regulations which affect intangible business interests such as the lost revenue and cancelled contracts plaintiffs claim here.

¶ 46    Additionally, section 7(4)(b) describes the *mandamus* procedure to be followed when a taking has occurred under section 7(4). 20 ILCS 3305/7(4)(b) (West 2020). It requires that the petition filed in circuit court to determine the amount of compensation must describe the property that has been taken and its physical condition when taken. *Id.* This also indicates that section 7(4) contemplates the physical taking of tangible property, not the regulation of physical property or intangible business interests.

¶ 47    Accordingly, we agree with defendants that the plain language section 7 of the Act "makes a clear distinction between the State's actual possession and use of personal property" and "the State's regulation of others' use of private property." Plaintiffs may be entitled to just compensation under section 7(4) only when a physical taking of property has occurred. Because plaintiffs failed to allege in their petition that the Governor took physical possession of or acquired title to (or some lesser interest in), their personal or real property, they did not establish that they are entitled to just compensation or an order commanding the Director to seek the payment of just

compensation. And because plaintiffs failed to establish a right to *mandamus* relief under section 7 of the Act, the trial court correctly dismissed the petition pursuant to section 2-615 for failure to state a claim upon which relief could be granted.

¶ 48        We note that, like the trial court, we are sympathetic to the difficulties plaintiffs have suffered as a result of COVID-19. However, defendants correctly point out that plaintiffs have limited their argument to the Governor's authorized actions under the Act. They have not argued that he exceeded his authority or violated any other statute or state or federal constitutional provision. Accordingly, we need not and do not consider defendants' alternative argument that plaintiffs failed to allege a regulatory taking, which would require compensation under the federal and state constitutions.

¶ 49        We conclude that the trial court correctly dismissed plaintiffs' petition for a writ of *mandamus* under section 2-615 of the Civil Code for failure to state a claim for *mandamus* relief under section 7(4) of the Act.

¶ 50                              III. CONCLUSION

¶ 51        For the reasons stated, we affirm the trial court's judgment.

¶ 52        Affirmed.