(No. 20000.—)
THE NORTH WICHERT DRAINAGE DISTRICT, Appellee, *vs.*
MERRITT CHAMBERLAIN *et al.* Appellants.

*Opinion filed October 25, 1930.*

V. A. PARISH, for appellants.

JOHN H. BECKERS, for appellee.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

North Wichert Drainage District and Spring Creek Drainage District are adjoining districts organized in Kankakee county under the Levee act. North Wichert Drainage District filed a petition in the county court of Kankakee county under the act of June 28, 1913, to enable adjoining drainage districts to connect their ditches or other works and

provide for the apportionment of the cost of construction, operation and maintenance of the work of a drainage district where lands in an adjoining district are benefited thereby, (Laws of 1913, p. 272,) setting forth that by the construction of its main ditch lands in the Spring Creek district would be benefited, and that the commissioners of the two districts had failed to enter into a contract adjusting the liabilities of the two districts to each other, as provided by section 3 of the statute. The petition set forth the facts upon which relief was claimed, together with a map, profile and specifications of the work done and its cost. The county court on May 15, 1928, rendered judgment in favor of the petitioner against the Spring Creek district for $2700 and costs. The duty of the commissioners of the Spring Creek district was alleged to pay the judgment out of funds of the district, if any, lawfully applicable to that purpose, otherwise to levy an assessment against the lands of the district for that purpose. On September 13, 1928, the petitioner caused a written demand to be served on the commissioners of the Spring Creek district to pay the judgment, with interest, or, if no funds were available, to levy an assessment against the lands of the district for the purpose of payment, but the commissioners refused either to pay or levy the assessment. Thereupon the commissioners of the North Wichert district filed their petition in the circuit court of Kankakee county against the commissioners of the Spring Creek district for a writ of *mandamus* commanding them either to pay the judgment and interest or to levy an assessment. The respondents answered the petition and the petitioner demurred to the answer. The court sustained the demurrer, and the respondents electing to stand by their answer, a writ of *mandamus* as prayed was awarded against them. From this order the respondents have appealed.

The answer alleged and the demurrer admits that the judgment against the appellant was based upon benefits to a part, only, of the lands in the Spring Creek district, that

all the lands in Spring Creek district were not benefited, and that there are no funds of the district which may be legally applied to the payment of the judgment. It is further alleged that there are no legal means of levying an assessment for paying the judgment, because it is based on benefits derived by only a part of the lands lying in the Spring Creek district, and that the statute under which the judgment in the county court was recovered and the demand of payment is made violates section 31 of article 4 of the constitution because it provides for levying a special assessment for construction, operation and maintenance of the work of a drainage district upon lands not benefited thereby. These allegations being conclusions of law are not admitted by the demurrer.

Section 31 of article 4 of the constitution is as follows: "The General Assembly may pass laws permitting the owners of lands to construct drains, ditches and levees for agricultural, sanitary or mining purposes, across the lands of others, and provide for the organization of drainage districts and vest the corporate authorities thereof, with power to construct and maintain levees, drains and ditches, and to keep in repair all drains, ditches and levees heretofore constructed under the laws of this State, by special assessments upon the property benefited thereby." This section constitutes an exception to the limitations placed on the General Assembly's power by section 9 of article 9, requiring all taxes levied by municipal corporations to be uniform. (*Marshall* v. *Upper Cache Drainage District,* 313 Ill. 11.) Since the removal of this limitation the legislature has provided for the organization of drainage districts and the construction and maintenance of levees, drains and ditches by special taxation. This power being unrestricted, the legislature is the sole judge of the manner of its exercise and the agencies to be employed so long as constitutional limitations are observed. (*Kilgour* v. *Drainage Comrs.* 111 Ill. 342.) The act of 1913 here in question has been held to

be a valid enactment for a lawful purpose and not in violation of the provisions of the constitution regarding taxation. (Const. art. 9, secs. 9, 10; *North Fork Drainage District* v. *Rector Drainage District,* 266 Ill. 536.) The objection now made to it is that it violates section 31 of article 4, for the alleged reason that it provides for the levying of a special assessment for the construction, operation and maintenance of the work of a drainage district upon lands not benefited by such work,—that is, that while the work for which it is sought to compel an assessment to be made by the Spring Creek district was of benefit to a part, only, of the lands in the Spring Creek district, the petition prays for a writ of *mandamus* against the commissioners of the Spring Creek district commanding them to levy and collect an assessment against the lands of the Spring Creek district for the purpose of paying the judgment against the Spring Creek district. The real objection of the appellant is that the law provides no legal means for the levy by the commissioners of the Spring Creek district of an assessment on part of the lands of the district to pay a judgment based on benefits to only the land benefited.

The General Assembly has authority, under section 31 of article 4 of the constitution, to require a drainage district the land within which, or any part thereof, has been benefited by the construction, enlargement, extension or improvement by any adjoining district of its ditch, ditches, drains or other works, to contribute its just proportion of the cost of such work and improvement and the maintenance, operation and repair thereof, based upon the amount each district will be benefited thereby, and where such duty is created it may be enforced by such a proceeding as is provided therefor. The law created the duty and provided that in case the parties do not agree there may be a hearing by the court and a judgment, which becomes a legal charge against the district, for which it is the duty of the corporate authorities of the district to provide as in the case

of any other legal obligation. (*North Fork Drainage District* v. *Rector Drainage District, supra.*) It is, of course, true that no land can be assessed for the cost of any improvement more than it is benefited by the improvement, and if it is not benefited it cannot be assessed for any amount. The statute creates the liability wherever the lands, or any part of the lands, of the adjoining district have been benefited by the work of the other district, and provides for the fixing of the amount of the liability, and section 13 provides that upon the ascertainment of the amount the commissioners of the district against which judgment shall be entered shall without delay pay it, or, if it has not funds applicable to that purpose, levy an assessment against the lands of the district for the purpose of paying the judgment in the manner provided by the law under which said district may be organized or operating. The appellant, being organized under the Levee act, the manner provided by law for levying an assessment is that provided by section 17 and the succeeding sections of that act. Under those sections an assessment roll will be made out by the commissioners, including all the lands in the district, with the amount of benefits assessed against each tract, and upon the filing of this roll with the clerk of the court and the giving of the notice required by the statute a hearing will be had in the same manner as the hearing upon the original assessment roll. The tracts which are not benefited will have no amount of benefits set down against them, and the tracts which are benefited will be assessed the amount required to pay the judgment, interest and costs, each tract in proportion to the amount of its benefits. The lands of the district upon which the commissioners are directed to levy the assessment are the lands of the district benefited by the work. It cannot be presumed that the legislature meant any lands of the district which were not benefited, and under the constitution they could not be held liable to assessment. While the statute does not say that the assessment

shall be only against the lands benefited, the constitution does say so, and it will be presumed that the legislature intended to observe the constitution.

The provisions of sections 37, 59, 60 and 61a of the Levee act for the levy of additional assessments have nothing to do with the levy directed by section 13 of the act under consideration. The levy of an assessment upon a part of a drainage district for work to be done by the district for the benefit of that part of the district, only, can not be sustained under section 37, as such assessment is required to be made by the formation of a sub-district under section 59. (*People* v. *Leonard*, 279 Ill. 159.) Section 59 provides for the levy of an assessment on any part of the district less than the whole, but such proceedings can be taken only by the formation of a sub-district, and sections 60 and 61a refer solely to the collection of void assessments. These sections, therefore, have no application to this case. The levy proposed could not be made under those sections or either of them but can properly be made in the manner provided for the making of an original assessment.

The judgment of the circuit court awarding the writ of *mandamus* is affirmed. *Judgment affirmed.*