# Illinois Official Reports

## Supreme Court

---

### *Oswald v. Hamer*, 2018 IL 122203

---

| | |
|---|---|
| Caption in Supreme Court: | CONSTANCE OSWALD, Appellant, v. BRIAN HAMER, Director of Revenue, *et al.*, Appellees. |
| Docket No. | 122203 |
| Filed | September 20, 2018 |
| Decision Under Review | Appeal from the Appellate Court for the First District; heard in that court on appeal from the Circuit Court of Cook County, the Hon. Robert Lopez-Cepero, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Edward T. Joyce and Kenneth Flaxman, of Law Offices of Edward T. Joyce & Associates, P.C., and Joan M. Mannix, both of Chicago, for appellant. |
| | Lisa Madigan, Attorney General, of Springfield (David L. Franklin, Solicitor General, and Carl J. Elitz, Assistant Attorney General, of Chicago, of counsel), for appellees. |
| | Mark D. Deaton, of Illinois Health and Hospital Association, of Naperville, and Steven F. Pflaum, Tonya G. Newman, and Collette A. Brown, of Neal, Gerber & Eisenberg LLP, of Chicago, for intervenor-appellee. |

Frederic M. Grosser, of Champaign, for *amici curiae* Cunningham Township *et al.*

Julia Rietz, State's Attorney, of Urbana (Joel D. Fletcher, Assistant State's Attorney, of counsel), for *amici curiae* Champaign County Treasurer *et al.*

John M. Izzo and Eugene C. Edwards, of Hauser Izzo, LLC, of Flossmoor, for *amici curiae* Illinois Association of School Boards *et al.*

| Justices | JUSTICE NEVILLE delivered the judgment of the court, with opinion. |
|---|---|
| | Chief Justice Karmeier and Justices Thomas, Kilbride, Garman, Burke, and Theis concurred in the judgment and opinion. |

## OPINION

¶ 1      Section 15-86 of the Property Tax Code (35 ILCS 200/15-86 (West 2012)) provides for a charitable property tax exemption specifically to eligible not-for-profit hospitals and their hospital affiliates (hereinafter hospitals). Plaintiff, Constance Oswald, filed an action in the circuit court of Cook County seeking a judgment declaring that section 15-86 of the Property Tax Code, on its face, violates section 6 of article IX of the Illinois Constitution (Ill. Const. 1970, art IX, § 6). The circuit court granted summary judgment in favor of defendants Brian Hamer, Director of Revenue,[1] the Department of Revenue, and the Illinois Hospital Association. The appellate court affirmed. 2016 IL App (1st) 152691.

¶ 2      This court allowed plaintiff's petition for leave to appeal (Ill. S. Ct. R. 315 (eff. Mar. 15, 2016)). For the following reasons, we affirm the judgment of the appellate court.

¶ 3                              I. BACKGROUND

¶ 4      Section 15-86(c) of the Property Tax Code provides that a hospital applicant "shall be issued" a charitable property tax exemption if the value of certain qualifying services or activities provided by the hospital in a given year equals or exceeds the hospital's estimated property tax liability for the same year. 35 ILCS 200/15-86(c) (West 2012). In her single-count complaint, plaintiff alleged that section 15-86(c) commands that the hospital applicant receive the charitable property tax exemption if the statutory criteria are satisfied. Plaintiff contended

---

[1]Brian Hamer is no longer the director of the Illinois Department of Revenue. Thus, the current director, Constance Beard, has been substituted as a party by operation of law. See 735 ILCS 5/2-1008(d) (West 2012).

that section 15-86 was facially unconstitutional because the statute mandates the issuance of the charitable property tax exemption without consideration of the constitutional requirement that the subject property be "used exclusively for *** charitable purposes" (Ill. Const. 1970, art. IX, § 6). Plaintiff sought, *inter alia*, a judgment declaring that section 15-86 was "unconstitutional on its face" and an order enjoining defendants from granting any section 15-86 exemptions and requiring defendants to collect property tax from those hospitals that already had been granted such exemptions.

¶ 5 The complaint named as defendants the Department of Revenue and its director. The circuit court granted the Illinois Hospital Association's petition for leave to intervene as a defendant. Plaintiff and defendants filed cross-motions for summary judgment contesting solely the facial constitutionality of section 15-86. The circuit court denied plaintiff's motion for summary judgment and granted summary judgment in favor of defendants. The court found that section 15-86 does not dispense with the Illinois Constitution's requirements for charitable property tax exemption but, rather, the Department of Revenue must still evaluate a hospital applicant's claim for a section 15-86 exemption under constitutional requirements and precedent. Also, the court found that plaintiff failed to show that section 15-86 was inherently flawed in all circumstances. Accordingly, the circuit court concluded that the statute was not facially unconstitutional.

¶ 6 The appellate court affirmed. 2016 IL App (1st) 152691. The court rejected plaintiff's argument that the legislature intended the word "shall" in section 15-86(c) to be mandatory. *Id.* ¶ 22. Rather, the court held that the word "shall" is merely directory. *Id.* ¶ 26. The court observed that its construction of section 15-86(c) followed case law that construed charitable property tax exemption statutes alongside the exclusive use requirements of section 6 of article IX of the Illinois Constitution. *Id.* ¶¶ 27-36. Alternatively, the appellate court upheld the circuit court's conclusion that section 15-86 was facially constitutional because plaintiff failed to sustain her burden of demonstrating that there was no set of circumstances under which the statute would be valid. *Id.* ¶ 47.

¶ 7 Plaintiff appeals to this court. The Champaign County Treasurer *et al.*, Cunningham Township *et al.*, and the Illinois Association of School Boards *et al.* were each granted leave to submit an *amicus curiae* brief in support of plaintiff. Ill. S. Ct. R. 345 (eff. Sept. 20, 2010).

¶ 8                                                II. ANALYSIS

¶ 9 The ultimate question presented for our review is whether section 15-86 of the Property Tax Code, on its face, violates section 6 of article IX of the Illinois Constitution. This matter comes before us in the context of cross-motions for summary judgment. Summary judgment is appropriate "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2012). When parties file cross-motions for summary judgment, they mutually agree that there are no genuine issues of material fact and that the case may be resolved as a matter of law. *Jones v. Municipal Employees' Annuity & Benefit Fund*, 2016 IL 119618, ¶ 26; *Irwin Industrial Tool Co. v. Department of Revenue*, 238 Ill. 2d 332, 339-40 (2010); *Founders Insurance Co. v. Munoz*, 237 Ill. 2d 424, 432 (2010). The issues in this case involve statutory construction. Statutory construction presents questions of law that are appropriate for summary judgment. *Hooker v.*

*Retirement Board of the Firemen's Annuity & Benefit Fund*, 2013 IL 114811, ¶ 15. Issues involving statutory construction and summary judgment rulings are reviewed *de novo*. *Id.* Also, the constitutionality of a statute is a question of law reviewed *de novo*. *Irwin Industrial Tool*, 238 Ill. 2d at 340; *In re Parentage of John M.*, 212 Ill. 2d 253, 265 (2004).

¶ 10 In construing section 15-86, we are guided by familiar principles. When presented with an issue of statutory construction, a court's primary objective is to ascertain and give effect to the intent of the legislature. *Murphy-Hylton v. Lieberman Management Services, Inc.*, 2016 IL 120394, ¶ 25. All other rules of statutory construction are subordinate to this cardinal principle. *Chicago Teachers Union, Local No. 1 v. Board of Education of the City of Chicago*, 2012 IL 112566, ¶ 15. The most reliable indicator of legislative intent is the language of the statute, which must be given its plain and ordinary meaning. The statute is viewed as a whole, construing words and phrases in context to other relevant statutory provisions and not in isolation. *Murphy-Hylton*, 2016 IL 120394, ¶ 25; *J&J Ventures Gaming, LLC v. Wild, Inc.*, 2016 IL 119870, ¶ 25. Each word, clause, and sentence of a statute must be given a reasonable meaning, if possible, and should not be rendered superfluous. *Murphy-Hylton*, 2016 IL 120394, ¶ 25; *Williams v. Staples*, 208 Ill. 2d 480, 487 (2004). Additionally, the court may consider the reason for the law, the problems sought to be remedied, the purposes to be achieved, and the consequences of construing the statute one way or another. *Murphy-Hylton*, 2016 IL 120394, ¶ 25; *J&J Ventures Gaming*, 2016 IL 119870, ¶ 25. To understand the purpose and effect of section 15-86, we consider its constitutional and statutory foundations.

¶ 11 A. Article IX of the Illinois Constitution

¶ 12 The constitutional backdrop of charitable property tax exemption legislation in Illinois is well established. Generally, the Illinois Constitution does not grant power to the legislature but rather restricts the legislature's power to act. The State's inherent power to tax is vested in the General Assembly. The legislature's power to tax is plenary and is restricted only by the federal and state constitutions. Article IX of the 1970 Illinois Constitution (Ill. Const. 1970, art. IX) generally subjects all real property to taxation. *Eden Retirement Center, Inc. v. Department of Revenue*, 213 Ill. 2d 273, 285 (2004) (and cases cited therein). "Under Illinois law, taxation is the rule. Tax exemption is the exception." *Provena Covenant Medical Center v. Department of Revenue*, 236 Ill. 2d 368, 388 (2010).

¶ 13 However, section 6 of article IX limits the power of the legislature in the area of property tax exemption in pertinent part as follows:

> "The General Assembly by law may exempt from taxation only the property of the State, units of local government and school districts and property used exclusively for agricultural and horticultural societies, and for school, religious, cemetery and charitable purposes." Ill. Const. 1970, art. IX, § 6.

Section 6 of article IX is not self-executing but authorizes the General Assembly to enact legislation providing for an exemption. It is permissible, not mandatory, for the legislature to exercise that authority. *Provena*, 236 Ill. 2d at 389; *North Shore Post No. 21 of the American Legion v. Korzen*, 38 Ill. 2d 231, 233 (1967).[2]

_____

[2]Because section 6 of article IX of the 1970 Illinois Constitution merely rephrases its predecessor provision in the 1870 Illinois Constitution, " 'cases interpreting the permissive legislative exemptions

- 4 -

¶ 14        Section 6 of article IX divides property that the legislature may exempt from taxation into two categories: (1) property owned by "the State, units of local government and school districts" and (2) property used exclusively for the purposes defined in the second clause of the section. Ill. Const. 1970, art. IX, § 6. By designating the categories of property that the legislature may exempt from taxation, section 6 of article IX limits the legislature's authority to exempt. *Eden*, 213 Ill. 2d at 286; *MacMurray College v. Wright*, 38 Ill. 2d 272, 276 (1967). Where the legislature does choose to provide for an exemption, it must remain within constitutional limitations. "No other subjects of property tax exemption are permitted. The legislature cannot add to or broaden the exemptions specified in section 6." *Provena*, 236 Ill. 2d at 389; accord *Eden*, 213 Ill. 2d at 286; *Chicago Bar Ass'n v. Department of Revenue*, 163 Ill. 2d 290, 297 (1994).

¶ 15        One category of property that the legislature may exempt from taxation is property used for charitable purposes. "Charitable use is a *constitutional* requirement. An applicant for a charitable-use property tax exemption must 'comply unequivocally with the constitutional requirement of exclusive charitable use.' [Citation.]" (Emphasis in original.) *Eden*, 213 Ill. 2d at 287. In *Methodist Old Peoples Home*, this court defined "charity" as " 'a gift to be applied *** for the benefit of an indefinite number of persons, persuading them to an educational or religious conviction, for their general welfare—or in some way reducing the burdens of government.' " *Provena*, 236 Ill. 2d at 390-91 (quoting *Methodist Old Peoples Home v. Korzen*, 39 Ill. 2d 149, 156-57 (1968)).

¶ 16        Additionally, the term "exclusively used" "means the primary purpose for which property is used and not any secondary or incidental purpose." *Methodist Old Peoples Home*, 39 Ill. 2d at 157.

¶ 17        This court has repeatedly acknowledged the difficulty of framing a universally applicable definition of an exclusive charitable use. *People ex rel. Nordlund v. Association of the Winnebago Home for the Aged*, 40 Ill. 2d 91, 100 (1968); *Methodist Old Peoples Home*, 39 Ill. 2d at 156. However, the above-stated "principles constitute the frame of reference to which we must apply plaintiff's use of its property to arrive at a determination of whether or not such use is in fact exclusively for charitable purposes." *Methodist Old Peoples Home*, 39 Ill. 2d at 157.

¶ 18        "While the General Assembly has no authority to grant exemptions beyond those authorized by section 6, it 'may place restrictions, limitations, and conditions on [property tax] exemptions as may be proper by general law.' " *Provena*, 236 Ill. 2d at 390 (quoting *North Shore Post No. 21*, 38 Ill. 2d at 233). The party claiming an exemption carries the burden of proving clearly that the use of the subject property is within *both* the constitutional authorization and the terms of the statute under which the claim of exemption is made. *Eden*, 213 Ill. 2d at 288-89 (and cases cited therein); *Rogers Park Post No. 108 v. Brenza*, 8 Ill. 2d 286, 290 (1956).

¶ 19                        B. Section 15-65 Charitable Use Exemption

¶ 20        In conformity with section 6 of article IX, the General Assembly chose to create a charitable-use property tax exemption but with the additional restriction that the property be

_____

under the Constitution of 1870 are equally relevant to the limits of exemption now constitutionally permitted.' " *Eden*, 213 Ill. 2d at 286 (quoting *Small v. Pangle*, 60 Ill. 2d 510, 514 (1975)).

- 5 -

owned by a statutorily designated organization. Section 15-65 of the Property Tax Code requires not only that the property be "actually and exclusively used for charitable or beneficent purposes, and not leased or otherwise used with a view to profit," but also that the property be owned by "[i]nstitutions of public charity," "[b]eneficent and charitable organizations," "[o]ld people's homes," not-for-profit health maintenance organizations, free public libraries, or historical societies. 35 ILCS 200/15-65 (2012); see *Provena*, 236 Ill. 2d at 390. Accordingly, section 15-65 requires two things to qualify for a charitable use property tax exemption: charitable use and ownership by a charitable organization. *Chicago Patrolmen's Ass'n v. Department of Revenue*, 171 Ill. 2d 263, 270 (1996); *Rogers Park Post No. 108*, 8 Ill. 2d at 291.

¶ 21 Prior to the enactment of section 15-86 of the Property Tax Code, private hospitals could apply for property tax exemption as charitable organizations. See, *e.g.*, *People ex rel. County Collector v. Hopedale Medical Foundation*, 46 Ill. 2d 450, 453-54 (1970); *People ex rel. Cannon v. Southern Illinois Hospital Corp.*, 404 Ill. 66, 69-70 (1949) (both collecting cases).

¶ 22 In *Provena*, this court, with two justices recusing, unanimously concluded that Provena failed to satisfy the requirements for the charitable use property tax exemption. The plurality opinion reached this conclusion by recounting that the underlying purpose of charitable property tax exemption is the benefit that private charity confers upon the public and, consequently, to some extent, a relief of the State's burden to care for and advance the interests of its residents. *Provena*, 236 Ill. 2d at 394-95 (and cases cited therein). The plurality reasoned:

> "Conditioning charitable status on whether an activity helps relieve the burdens on government is appropriate. After all, each tax dollar lost to a charitable exemption is one less dollar affected governmental bodies will have to meet their obligations directly. If a charitable institution wishes to avail itself of funds which would otherwise flow into a public treasury, it is only fitting that the institution provide some compensatory benefit in exchange. While Illinois law has never required that there be a direct, dollar-for-dollar correlation between the value of the tax exemption and the value of the goods or services provided by the charity, it is a *sine qua non* of charitable status that those seeking a charitable exemption be able to demonstrate that their activities will help alleviate some financial burden incurred by the affected taxing bodies in performing their governmental functions." *Id.* at 395.

After reviewing the record, the plurality determined that "both the number of uninsured patients receiving free or discounted care and the dollar value of the care they received" were *de minimis*. *Id.* at 397.

¶ 23 However, two members of this court concurred in part and dissented in part. *Id.* at 411 (Burke, J., concurring in part and dissenting in part, joined by Freeman, J.). The partial dissent concluded that Provena did not qualify for the charitable exemption based on the actual ownership of the property. *Id.* at 411-12. The partial dissent disagreed with the plurality's determination that Provena's charity care was *de minimis*: "I disagree with this rationale. By imposing a quantum of care requirement and monetary threshold, the plurality is injecting itself into matters best left to the legislature." *Id.* at 412. "I do not believe that this court can, under the plain language of section 15-65, impose a quantum of care or monetary requirement, nor should it invent legislative intent in this regard." *Id.* at 415. Having discussed the

constitutional and statutory backdrop, we now turn to section 15-86 of the Property Tax Code.

¶ 24                               C. Section 15-86 Hospital Charitable Use Exemption

¶ 25    In response to this court's decision in *Provena*, the General Assembly enacted Public Act 97-688 (eff. June 14, 2012), which, *inter alia*, added section 15-86 to the Property Tax Code (35 ILCS 200/15-86 (West 2012)). The legislature expressly discussed *Provena* and the legislative intent underlying the statute. The legislature observed that, subsequent to *Provena*, "there is considerable uncertainty surrounding the test for charitable property tax exemption, especially regarding the application of a quantitative or monetary threshold." *Id.* § 15-86(a)(1). The legislature further observed: "It is essential to ensure that tax exemption law relating to hospitals accounts for the complexities of the modern health care delivery system." *Id.* § 15-86(a)(3). The legislature expressly codified its intent as follows:

> "(5) Working with the Illinois hospital community and other interested parties, the General Assembly has developed a comprehensive combination of related legislation that addresses hospital property tax exemption, significantly increases access to free health care for indigent persons, and strengthens the Medical Assistance program. It is the intent of the General Assembly to establish a new category of ownership for charitable property tax exemption to be applied to not-for-profit hospitals and hospital affiliates in lieu of the existing ownership category of 'institutions of public charity.' It is also the intent of the General Assembly to establish quantifiable standards for the issuance of charitable exemptions for such property. It is not the intent of the General Assembly to declare any property exempt ipso facto, but rather to establish criteria to be applied to the facts on a case-by-case basis." *Id.* § 15-86(a)(5).

¶ 26    Section 15-86(c) provides for the hospital charitable property tax exemption in pertinent part as follows:

> "(c) A hospital applicant satisfies the conditions for an exemption under this Section with respect to the subject property, and *shall be issued a charitable exemption for that property*, if the value of services or activities listed in subsection (e) for the hospital year equals or exceeds the relevant hospital entity's estimated property tax liability, as determined under subsection (g), for the year for which exemption is sought." (Emphasis added.) *Id.* § 15-86(c).

Subsection (c) also provides guidelines in specific situations, including where "the relevant hospital entity is a hospital owner that owns more than one hospital" and where the hospital applicant is "a multi-state hospital system or hospital affiliate." *Id.*

¶ 27    Subsection (e) lists the "services and activities" that are considered in making the calculations required by subsection (c). These include "[c]harity care," defined as "[f]ree or discounted services *** measured at cost"; health services to low-income and underinsured individuals; subsidy of state or local governments; support for State health care programs for low-income individuals; subsidy for treating dual-eligibility Medicare/Medicaid patients; relief of the burden of government-related health care of low-income individuals; and "[a]ny other activity by the relevant hospital entity that the Department determines relieves the burden

of government or addresses the health of low-income or underserved individuals." *Id.* §§ 15-86(e)(1)-(7).[3]

¶ 28    Before this court, plaintiff contends that section 15-86 is facially unconstitutional because it mandatorily awards a property tax exemption based on satisfaction of its statutory criteria, without regard to whether the subject property satisfies the constitutional "exclusive charitable use" requirement. We disagree.

¶ 29    Statutes carry a strong presumption of constitutionality. *Walker v. McGuire*, 2015 IL 117138, ¶ 12; *Elementary School District 159 v. Schiller*, 221 Ill. 2d 130, 148 (2006). The party challenging the validity of a statute has the burden of clearly establishing the alleged constitutional infirmity. *Napleton v. Village of Hinsdale*, 229 Ill. 2d 296, 306 (2008); *Parentage of John M.*, 212 Ill. 2d at 266. It is a court's duty to construe a statute so as to uphold its constitutionality if reasonably possible. Further, if a statute's construction is doubtful, a court will resolve the doubt in favor of the statute's validity. *Napleton*, 229 Ill. 2d at 306-07; *Eden*, 213 Ill. 2d at 291-92 (collecting cases).

¶ 30    Plaintiff observes that section 15-86 does not provide, as a condition for the charitable property tax exemption, that the subject property must be used exclusively for charitable purposes. Further, according to plaintiff, section 15-86 lacks even "any general reference" to the constitutional requirement of exclusive charitable use.

¶ 31    Admittedly, neither subsection (a) nor (c) of section 15-86 contains an explicit reference to the constitutional requirement of exclusive charitable use, as is provided in section 15-65. While such plain language crystallized the intent of the legislature in enacting section 15-65 (see *Eden*, 213 Ill. 2d at 291-92 (construing section 15-65)), the legislative intent of section 15-86 is nevertheless readily ascertainable.

¶ 32    We presume that the legislature enacts statutes in light of the constitution and intends to enact constitutional legislation (*Gill v. Miller*, 94 Ill. 2d 52, 56 (1983)) and does not intend to exceed its constitutional limitations (*Methodist Old Peoples Home*, 39 Ill. 2d at 156; *MacMurray College*, 38 Ill. 2d at 277). Accordingly, where a statute does not expressly refer to an applicable constitutional limitation, "it will be presumed that the legislature intended to observe the constitution." *North Wichert Drainage District v. Chamberlain*, 340 Ill. 644, 648-49 (1930); accord *State ex rel. Burton v. Greater Portsmouth Growth Corp.*, 218 N.E.2d 446, 451 (Ohio 1966) ("the constitutional limitation is by implication a part of the statute, and the mere failure to set it forth in the statute does not invalidate the provision" "on the basis that it exceeds or is contrary to the constitutional provision"); 16A Am. Jur. 2d *Constitutional Law* § 169 (1998) (same).

¶ 33    In the case at bar, while section 15-86(c) does not expressly provide that the hospital charitable property tax exemption is limited to applicants that satisfy the constitutional requirement of exclusive charitable use, section 6 of article IX of the Illinois Constitution does say so, and we presume that the legislature intended to comply with this constitutional limitation. See *North Wichert Drainage District*, 340 Ill. at 648-49.

---

[3]Also, section 15-86 expressly provides that an otherwise eligible hospital applicant is not precluded from obtaining or maintaining a property tax exemption pursuant to other provisions of the Property Tax Code. 35 ILCS 200/15-86(i) (West 2012).

¶ 34    Beyond this presumption, the legislature stated in section 15-86(a)(5): "It is the intent of the General Assembly to establish a new category of ownership for charitable property tax exemption to be applied to not-for-profit hospitals and hospital affiliates in lieu of the existing ownership category of 'institutions of public charity'." 35 ILCS 200/15-86(a)(5) (West 2012). This is an explicit reference to section 15-65, which in turn contains the explicit reference to the constitutional limitation of exclusive charitable use. *Id.* § 15-65. Construing these provisions together as a whole (*Murphy-Hylton*, 2016 IL 120394, ¶ 25), we conclude that the legislature intended to comply with this constitutional limitation.

¶ 35    Nevertheless, plaintiff contends that section 15-86(c), which provides that if the hospital applicant satisfies the statutory requirements for a hospital charitable property tax exemption, the hospital "*shall* be issued a charitable exemption for that property" (emphasis added) (35 ILCS 200/15-86(c) (West 2012)), mandates the issuance of the exemption without consideration of the constitutional requirement of exclusive charitable use. Indeed, according to plaintiff, there is "nothing in the language" of section 15-86 suggesting that, if the requirements of subsection (c) are met, a hospital may nevertheless be refused the hospital charitable property tax exemption. On the other hand, defendants contend that section 15-86(c) is not mandatory but, rather, permissive or directory.

¶ 36    Plaintiff and defendants invoke the rules of statutory construction pertaining to the separate questions of whether a statutory provision is mandatory or permissive and whether the provision is mandatory or directory. See *People v. Delvillar*, 235 Ill. 2d 507, 514-15 (2009); *People v. Ousley*, 235 Ill. 2d 299, 310-11 (2009); *People v. Robinson*, 217 Ill. 2d 43, 51-52 (2005). Employing these rules of construction, plaintiff contends that the issue here is whether section 15-86(c) is mandatory or permissive. She argues that the provision is mandatory and, consequently, section 15-86 is unconstitutional.

¶ 37    "Legislative intent, however, remains the primary inquiry and controls the court's construction of a statute. [Citations.] Traditional rules of statutory construction are merely aids in determining legislative intent, and those rules must yield to such intent." *Collins v. Board of Trustees of the Firemen's Annuity & Benefit Fund*, 155 Ill. 2d 103, 111 (1993); see *People ex rel. Cason v. Ring*, 41 Ill. 2d 305, 309-10 (1968) (same). We are presented with a situation where the legislature omitted a specific reference to the constitution's exclusive charitable use requirement. In similar circumstances, "courts have allowed the substitution of language in order to carry out the demonstrable legislative intention, observing, however, when doing so, that this technique of construction is to be exercised with caution." *Gill*, 94 Ill. 2d at 58; see *People ex rel. Barrett v. Anderson*, 398 Ill. 480, 485 (1947) (same). "[W]here applying language literally in a clause of an otherwise coherent statute would frustrate the spirit of the statute and the intent of the legislature, language may be disregarded, modified or supplied to give effect to the legislative design." *Gill*, 94 Ill. 2d at 59; see *Klein v. Department of Registration & Education*, 412 Ill. 75, 86 (1952) (same).

¶ 38    In the case at bar, the legislature was certainly aware of section 6 of article IX of the constitution and its requirement of exclusive charitable use, and it intended to enact a constitutional hospital charitable property tax exemption. To construe subsection (c) as plaintiff argues would cast doubt on the constitutionality of section 15-86, which, as we have concluded, is a result the legislature could not have intended. "Accordingly, an interpretation under which the statute would be considered constitutional is preferable to one that would

leave its constitutionality in doubt." *Braun v. Retirement Board of the Firemen's Annuity & Benefit Fund*, 108 Ill. 2d 119, 127 (1985) (collecting cases). We therefore construe the word "shall" in section 15-86(c) to be permissive and not mandatory. This reading of section 15-86(c) would avoid the possible constitutional infirmity, and that is the construction we adopt.

¶ 39 Therefore, a hospital applicant seeking a section 15-86 charitable property tax exemption must document the services or activities meeting the statutory criteria. Additionally, the hospital must show that the subject property meets the constitutional test of exclusive charitable use.

¶ 40 Significantly, plaintiff's action is framed solely as a *facial* challenge to the constitutional validity of section 15-86 of the Property Tax Code. As such, we have before us only the statute itself. *Reno v. Flores*, 507 U.S. 292, 300-01 (1993). A facial challenge to the constitutionality of a statute is the most difficult challenge to make successfully. A statute is facially invalid only if no set of circumstances exists under which the statute would be valid. *Napleton*, 229 Ill. 2d at 305-06; *Parentage of John M.*, 212 Ill. 2d at 269; see *United States v. Salerno*, 481 U.S. 739, 745 (1987). The fact that the statute could be found unconstitutional under some set of circumstances does not establish its facial unconstitutionality. *Napleton*, 229 Ill. 2d at 306; *Parentage of John M.*, 212 Ill. 2d at 269; *In re M.T.*, 221 Ill. 2d 517, 536-37 (2006). Thus, if any situation exists where a statute could be validly applied, a facial challenge must fail. *People v. Rizzo*, 2016 IL 118599, ¶ 24; *M.T.*, 221 Ill. 2d at 537 (and cases cited therein).

¶ 41 Several of plaintiff's supporting *amici* invite this court to discard the "no set of circumstances" test in determining the facial constitutionality of legislation. However, plaintiff herself does not raise this issue. An *amicus* takes the case as it finds it, with the issues framed by the parties. Accordingly, this court has repeatedly rejected attempts by *amici* to assert issues not raised by the parties. *Bruns v. City of Centralia*, 2014 IL 116998, ¶ 15 n.1 (citing *Karas v. Strevell*, 227 Ill. 2d 440, 450-51 (2008)). Consequently, we decline this invitation.

¶ 42 In the case at bar, plaintiff concedes before this court, as she did before the appellate court (2016 IL App (1st) 152691, ¶ 47), that it is hypothetically possible for a hospital applicant to satisfy the requirements of section 15-86(c), *i.e.*, that the hospital services and activities listed in subsection (e) equal or exceed the hospital's estimated property tax liability, and for the hospital to use its property exclusively for charitable purposes as required under section 6 of article IX of the Illinois Constitution. We cannot say that a hospital applicant, *per se*, may *never* satisfy both the statutory requirements of section 15-86 and the constitutional requirement of exclusive use for charitable purposes. See, *e.g.*, *Chicago Bar Ass'n*, 163 Ill. 2d at 300.

¶ 43 While it is possible that specific future applications of section 15-86 may produce actual constitutional problems, it will be time enough to consider any such problems when they arise. See *Napleton*, 229 Ill. 2d at 306; *Parentage of John M.*, 212 Ill. 2d at 269 (both citing *Village of Hoffman Estates v. The Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 504 (1982)). Here, we deal only with the statute on its face. So considered, we hold that plaintiff has failed to establish the facial invalidity of section 15-86 of the Property Tax Code.

¶ 44                           III. CONCLUSION

¶ 45          For the foregoing reasons, the judgment of the appellate court is affirmed.

¶ 46          Affirmed.