2022 IL App (2d) 220258-U
No. 2-22-0258
Order filed November 23, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| *In re* PARENTAGE OF DAELYN, O.-M., a Minor, | ) ) ) ) ) | Appeal from the Circuit Court of Kendall County. <br><br> No. 22 FA 28 |
| (Jessica Araceli O.-M., Petitioner-Appellant, v. Gabriel Espinoza-Ramos, Deceased, Respondent-Appellee). | ) ) ) ) | Honorable Jody Patton Gleason, Judge Presiding. |

JUSTICE McLAREN delivered the judgment of the court.
Justices Schostok and Birkett concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court relied on an incorrect statutory provision in denying mother's petition seeking allocation of parental responsibilities and request for factual findings on the basis of lack of venue. Reversed and remanded.

¶ 2    Petitioner, Jessica Araceli O.-M., appeals from the denial of her "Petition for the Allocation of Parental Responsibilities and Request for Factual Findings," filed in the circuit court of Kendall County.[1] Jessica seeks the allocation of sole parental responsibility for her minor daughter, Daelyn,

---

[1] On appeal, petitioner refers to the Kendall County circuit court as a "United States District Court" and to this court as the "United States Court of Appeals for the Seventh Circuit." We correct

alleging that respondent, Gabriel Espinoza-Ramos, deceased, was Daelyn's biological father. She also seeks factual findings to enable the minor to apply for classification as a Special Immigrant Juvenile under the Immigration and Nationality Act (8 U.S.C. 1101(a)(27)(J)). The circuit court denied the petition pursuant to 750 ILCS 46/604 (West 2022), finding that proper venue for the matter lies where the deceased father's estate could be, or has been, commenced, that is, in Mexico. For the reasons that follow, we reverse and remand for further proceedings.

¶ 3                                    I. BACKGROUND

¶ 4      We present the facts as drawn from Jessica's affidavit and the circuit court's records. Jessica was born in Mexico on August 4, 2000, and currently resides in Montgomery, Illinois. She was in an exclusive relationship with respondent, Gabriel Espinoza-Ramos, when her daughter, Daelyn O.-M., was conceived and has no doubt that Gabriel Espinoza-Ramos was her daughter's father. She and Gabriel were not married. Gabriel was murdered on December 18, 2017.

¶ 5      Jessica fled Mexico after her brother was killed and she survived being shot in the head on March 31, 2021. For her own safety and that of her child, she does not want to reveal her current location to anyone in Mexico.

¶ 6      Jessica filed her petition for allocation of parental responsibility and request for factual findings in the Kendall County circuit court on February 17, 2022. On April 3, 2022, Jessica filed a memorandum of law in support of her request for predicate factual findings. After learning that the court intended to preemptively deny the petition on venue grounds under the Illinois Parentage Act of 2015 (750 ILCS 46/101 *et seq* (West 2022)) (Parentage Act), Jessica requested and received permission to file a second memorandum of law addressing the venue issue.

these errors in this disposition.

¶ 7 On June 13, 2022, the circuit court denied Jessica's petition for lack of venue, citing section 46/604 of the Parentage Act. This appeal ensued.

¶ 8                                    II. ANALYSIS

¶ 9 Section 46/604 of the Parentage Act provides:

> (a) Venue for a proceeding to adjudicate parentage is any county of this State in which a party resides, or if the presumed or alleged father is deceased, in which a proceeding for probate or administration of the presumed or alleged father's estate has been commenced, or could be commenced.

> (b) A proceeding for the allocation of parental responsibilities is commenced in the county where the child resides. 750 ILCS 46/604 (West 2022).

¶ 10 The primary goal of statutory construction is to ascertain and give effect to the intent of the legislature. *Oswald v. Hamer*, 2018 IL 122203, ¶ 10181. The most reliable indicator of the legislature's intent is the plain language of the statute itself, which must be given its plain and ordinary meaning. *Id*. Because this case involves statutory interpretation of the procedural requirements for determinations under the Parentage Act, our review is *de novo*. *Interest of Armani S.*, 2020 IL App (1st) 200616, ¶ 24.

¶ 11 The trial court relied exclusively on subsection (a) of section 46/604 of the Parentage Act in determining that the case lacks venue in Kendall County and belongs in Mexico. Subsection (a), however, only addresses venue in Illinois. The subsection states that venue for a proceeding to adjudicate parentage "is *any county of this State* in which a party resides, *or* if the presumed or alleged father is deceased, *in which* a proceeding for probate or administration of the presumed or alleged father's estate has been, or could be commenced." Although separated by the disjunctive conjunction "or," both venue alternatives are limited by the phrase, "any county of this State."

Thus, the plain language of the provision shows that the legislature's intent was to address venue only in counties of Illinois.

¶ 12    Assuming, *arguendo*, that the sentence could be read to permit venue outside of Illinois counties, venue in Mexico on the basis of the father's estate makes no sense in this case. The mother seeks full custody of her own child. Since custody is at issue, and the father has been dead for four years, his estate is unlikely to have an interest in the case.

¶ 13    Jessica's petition seeks the allocation of sole parental responsibility for Daelyn. Subsection (b) explicitly addresses the allocation of parental responsibilities and requires only that the child reside in Kendall County. We believe that subsection (b) is the controlling statutory provision for the determination of venue in this case.

¶ 14    Accordingly, we reverse and remand for further proceedings.

¶ 15                               III. CONCLUSION

¶ 16    For the reasons stated, we reverse the judgment of the circuit court of Kendall County and remand for further proceedings consistent with this disposition.

¶ 17    Reversed and remanded.