2025 IL App (1st) 240664-U

No. 1-24-0664

Order filed April 9, 2025

THIRD DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS *ex rel.* ILLINOIS DEPARTMENT OF HUMAN SERVICES, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 22 M1 120430 |
| | ) | |
| YOUTH AND ADULT CENTER, | ) | Honorable |
| | ) | Stephen A. Swedlow, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE MARTIN delivered the judgment of the court.
Justices Reyes and D.B. Walker concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We reverse the trial court's order granting summary judgment in favor of the Illinois Department of Human Services and remand for further proceedings.

¶ 2    The Illinois Department of Human Services (Department) filed a complaint against the Youth and Adult Center (YAC) in the circuit court of Cook County, pursuant to the Illinois Grant Funds Recovery Act (Act) (30 ILCS 705/1 *et seq.* (West 2012)), seeking to recover $50,000 in grant funds previously awarded to YAC. In response, YAC argued that the Department was not

entitled to seek recovery as the Department failed to comply with the notice and hearing requirements of the Act.

¶ 3    The trial court granted the Department's motion for summary judgment and entered judgment against YAC for $50,000. For the reasons that follow, we reverse the trial court's order granting summary judgment in favor of the Department and remand for further proceedings.

¶ 4                                I. BACKGROUND

¶ 5    YAC is an Illinois non-profit that provides job training and employment-related services and programs to underserved communities. In 2014, YAC applied for grant funds from the Department. William Moore, an attorney, volunteered his services and assisted with the application process. YAC received grant funds in the amount of $50,000 from the Department. The funds were disbursed pursuant to a "Community Services Agreement" (Agreement) between YAC and the Department. The Agreement ran from July 1, 2014, to the end of the Department's fiscal year, June 30, 2015.

¶ 6    Section 17.2(b) of the Agreement required YAC to submit an annual "close-out report" to the Department within 60 days following the end of the fiscal year. The report was to be prepared in accordance with a format prescribed by the Department, which relies on the reports to confirm that grant funds are used for the purposes set forth in the Agreement.

¶ 7    On November 14, 2014, YAC submitted a document to the Department which it claimed was its close-out report, and also submitted a final financial report on December 22, 2014. YAC represented that it had expended the entirety of the grant funds in accordance with the terms of the Agreement.

¶ 8    The Department determined that YAC's purported close-out report was inadequate, as it did not provide any financial information and gave only a brief narrative describing the funds'

usage. The Department further determined that YAC's final financial report was equally inadequate, as it only consisted of a one-page table listing YAC's expenses from October 10-13, 2014.

¶ 9    On April 30, 2015, two months before the end of the fiscal year and the expiration of the Agreement, and without notice to the Department, YAC moved from its business address listed in the Agreement—16148 S. Kedzie, Markham, Illinois (Markham address)—to a new business address at 25 E. 16th Street, Chicago Heights, Illinois (Chicago Heights address).

¶ 10    Section 26.1 of the Agreement required YAC to give the Department 30 days' prior written notice of its intent to change its address. There is no dispute that YAC failed to give the Department the required prior notice.

¶ 11    On May 28, 2015, the Department issued a memo to all of its grantee service providers, including YAC, notifying them of their year-end financial reporting requirement, as detailed in their respective Community Services Agreements. The Department also sent YAC financial reporting forms to complete. According to the Department, these forms were part of the annual close-out reports. The memo and forms were sent to YAC at the Markham address.

¶ 12    Warren Davis, who was serving as president and CEO of YAC, received the documents and subsequently returned them to the Department on August 4, 2015, without completing them. Instead, Davis forwarded a form entitled "Grant Reconciliation/Recovery Form," wherein he claimed that to his knowledge, all of the grant funds had been "appropriated." Davis maintained that he was unaware "of any funds not properly used." He also requested an appeal of any demands by the Department for recovery of the funds. Davis averred in his declaration that he received no response from the Department regarding his request for an appeal.

¶ 13    Approximately three years later, on April 11, 2018, the Department sent YAC an informal

hearing notice via certified mail, return receipt requested, at the Markham address. The notice was directed to William Moore and incorrectly referred to him as the president of YAC. In their respective declarations, Moore and Davis averred that they did not receive the notice. Nevertheless, the record includes a copy of the certified mail receipt showing that someone at the Markham address signed for the notice.

¶ 14 The notice informed Moore that the financial information YAC submitted to the Department indicated that YAC had "not fully expended" the grant funds. Moore was advised that if he "would like to discuss and exchange information related to this issue," he would have to make a written request for an informal hearing "within 15 calendar days after receipt of" the notice.[1] The notice stated that if the issue was not resolved or a timely request for an informal hearing was not made, the Department would "send a Formal Notice of Intent to Recover Grant Funds letter before the recovery process shall proceed." YAC never requested an informal hearing.

¶ 15 On May 18, 2018, the Department sent YAC a formal hearing notice at the Markham address. The notice was again directed to Moore and incorrectly referred to him as the president of YAC. The notice informed Moore that the grant funds were subject to recovery since YAC had not returned its year-end financial reporting documents to the Department. Moore was advised that if he disagreed with the Department's findings or had information he would like to present, he would have to make a written request for a formal hearing "within 35 calendar days after receipt of" the notice.[2] The notice was subsequently returned to the Department as "unclaimed." YAC

---

[1]Under section 7 of the Act:
"Whenever a grantor agency believes that grant funds are subject to recovery, the grantor agency shall provide the grantee the opportunity for at least one informal hearing to determine the facts and issues and to resolve any conflicts as amicably as possible before taking any formal recovery actions." 30 ILCS 705/7 (West 2020).
[2]Section 8 of the Act sets out the procedural guidelines for a formal hearing. 30 ILCS 705/8 (West 2020).

never made a request for a formal hearing.

¶ 16    The following year, on September 23, 2019, the Illinois Attorney General (IAG), on behalf of the Department, sent a letter to YAC at its Chicago Heights address. The letter stated that since YAC had not sent the Department a close-out report, it was required to pay the Department $50,000, the total amount awarded under the grant.[3] The IAG's letter did not offer YAC an opportunity for a hearing, informal or otherwise, and it did not mention the appeal requested by Davis in 2015. The letter was also sent to Davis via email.

¶ 17    Approximately three years later, on October 14, 2022, the Department filed this action, a one-count complaint against YAC seeking recovery of the grant funds.[4] The Department claimed that YAC's failure to provide it with the annual close-out report violated section 17.2(b) of the Agreement, which thereby authorized it to commence proceedings to recover the grant funds. The Department argued that YAC waived its defenses to a recovery proceeding under the Act when it failed to request either an informal or formal hearing, which the Department claimed amounted to a failure to exhaust administrative remedies.

¶ 18    The Department followed its complaint with a motion for summary judgment. In its motion, the Department contended that after its formal hearing notice was returned "unclaimed," it conducted an internet search for YAC's current address, which yielded the Markham address. The Department maintained that it placed a call to the telephone number listed for the Markham address, which went unanswered. According to the Department, it "was not obligated to search further." The Department argued that it satisfied the notice requirements necessary to initiate an action to recover the grant funds when it mailed the informal and formal hearing notices to YAC

---

[3]Under section 9 of the Act, the Illinois Attorney General is authorized to recover grant funds "which have been misapplied or are being improperly held[.]" 30 ILCS 705/9 (West 2020).

[4]We note that this period encompassed the beginning of the COVID-19 pandemic, which may have delayed or temporarily halted court proceedings.

at the Markham address, the address listed in the Agreement.

¶ 19    In response, YAC asserted that the Department could not proceed with an action to recover the grant funds because it failed to grant Davis's 2015 request for an appeal. YAC claimed that the Department could not proceed with such an action as it failed to give YAC the opportunity to dispute the Department's findings in either an informal or formal hearing. Further, YAC alleged the Department could not proceed with a recovery proceeding under the Act, as no written notice of its intent to recover the grant funds was sent to YAC's current business address in Chicago Heights, as required under the Act.

¶ 20    On February 28, 2024, the trial court granted the Department's motion for summary judgment and entered judgment against YAC for $50,000. This timely appeal followed.

¶ 21                                          II. ANALYSIS

¶ 22    On appeal, YAC challenges the trial court's grant of summary judgment in favor of the Department. YAC contends that the Department failed to give proper notice for the recovery of funds as required by statute, thus precluding the Department's action to recover the grant. The issue before us turns on whether the notice mailed to YAC's Markham address fulfilled the statute's requirement that notice be sent to the recipient's "current business address."

¶ 23    Summary judgment is appropriate where "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILC 5/2-1005(c) (West 2012). "Summary judgment is a 'drastic means of disposing of litigation and therefore should be allowed only when the right of the moving party is clear and free from doubt.' " *AEB Merger, LLC v. Azari*, 2024 IL App (1st) 230975, ¶ 14 (quoting *Purtill v. Hess*, 111 Ill.2d 229, 240 (1986)). A trial court's decision on a motion for summary judgment is reviewed *de novo. Cole v. Chicago*

*Transit Authority*, 2025 IL App (1st) 230797, ¶ 31.

¶ 24    Resolution of this appeal requires this court to address issues of statutory construction. Questions of statutory construction are questions of law reviewed *de novo* and are appropriate for resolution by summary judgment. See *Oswald v. Hamer*, 2018 IL 122203, ¶ 9 (statutory construction presents a question of law appropriate for summary judgment). The "cardinal principle and primary objective in construing a statute is to ascertain and give effect to the intention of the legislature." *Cothron v. White Castle System, Inc.*, 2023 IL 128004, ¶ 20. The most reliable indicator of legislative intent is the language of the statute itself, given its plain and ordinary meaning. *Rice v. Marathon Petroleum Corp.*, 2024 IL 129628, ¶ 34. The following sections of the Act are relevant to our analysis.

¶ 25    Section 8(a) of the Act provides, in relevant part, that "prior to taking any action to recover the grant funds, the grantor agency shall provide the grantee of the funds a written notice of the intended recovery. This notice shall identify the funds and the amount to be recovered and the specific facts which permit recovery." 30 ILCS 705/8(a) (West 2020).

¶ 26    Pursuant to section 8(b) of the Act, "[a] grantee shall have 35 days from the receipt of the notice required in paragraph (a) of this Section to request a hearing to show why recovery is not justified or proper." 30 ILCS 705/8(b) (West 2020).

¶ 27    Section 8(f) of the Act provides, in relevant part, that "[a]ny notice or mailing required or permitted by this Section shall be deemed received 5 days after the notice or mailing is deposited in the United States mail, properly addressed with the grantee's current business address." 30 ILCS 705/8(f) (West 2020).

¶ 28    The Department contends that the trial court correctly granted summary judgment in its favor, arguing that the Markham address was YAC's "current business address" for purpose of the

Act, as it was the address YAC provided in the Agreement. The Department asserts that "construing 'current business address' as the most recent address provided by the grantee is the only practical interpretation that promotes the legislative purpose of enabling grantor agencies to recover misspent funds."

¶ 29    The Department suggests that if current business address "meant wherever a grantee moved its offices, then grantees could avoid grant recovery notices simply by changing their office location." The Department adds that tying "current business address" to a grantee's office location could lead to arbitrary and inconsistent results when serving notices—for instance, if a grantee had multiple offices or was incorporated at a different address from where its office was located.

¶ 30    In response, YAC relies on dictionary definitions of the word "current," as meaning "occurring in or existing at the present time," or "belonging to the present time," and argues that at the time the Department sent out the notices, YAC's current business address "at the present time," was in Chicago Heights.

¶ 31    In this case, the Department sent both the informal and formal hearing notices to YAC at the Markham address, rather than the Chicago Heights address. In granting summary judgment in favor of the Department, the trial court necessarily determined that although the Department failed to address its mailings to Chicago Heights, the mailings were nonetheless sufficient to satisfy the statute's notice requirements. We disagree.

¶ 32    The Act does not provide that a notice is deemed received if it is sent to an address listed in a contract or agreement. Rather, under section 8(f) of the Act, the notice must be sent to "the grantee's current business address" for it to be "deemed received." This makes sense, considering businesses sometimes relocate and change their business address, which is precisely what happened in this case. Moreover, by the time the Department sent the hearing notices to YAC at

the Markham address in 2018, the Agreement had been expired for three years, thereby ending YAC's obligation to provide the Department with any change of address.

¶ 33    The clear, plain, and unambiguous language of section 8 of the Act required the Department to provide YAC with written notice of its intent to recover the grant funds, and the Department was required to forward this written notice to YAC's current business address. The Department failed to do this and therefore failed to fulfill the statute's notice mandate.

¶ 34    The Department's reliance on the Agreement's requirement that YAC notify the Department of a change in address is misplaced. We disagree with the Department's contention that the Markham address was YAC's "current business address," since it was the address provided in the Agreement. As previously noted, at the time the Department sent the informal and formal hearing notices to YAC at the Markham address, the Agreement had been expired for three years, and YAC had moved to the Chicago Heights address. Therefore, we find that the Chicago Heights address was YAC's current business address for purposes of the Act; and as a consequence, the trial court erred in granting summary judgment in favor of the Department based on its determination that mailing the hearing notices to the Markham address was sufficient to satisfy the statute's notice requirements.

¶ 35    As a final note, we point out that when the Attorney General's office commenced recovery proceedings against YAC, it mailed its notice and served the complaint at YAC's current business address in Chicago Heights. It would appear that the Attorney General has given the statute its plain meaning, as do we.

¶ 36                              III. CONCLUSION

¶ 37    For the foregoing reasons, we reverse the order of the trial court granting summary judgment in favor of the Department and the judgment against YAC for $50,000, and remand the

9

case for further proceedings consistent with this decision.

¶ 38     Reversed and remanded.